# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

       Plaintiff,            :        Case No. 3:07-cv-003

                                       District Judge Thomas M. Rose
    -vs-                            Chief Magistrate Judge Michael R. Merz

                              :

CLARK COUNTY PUBLIC LIBRARY,
  et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS; ORDER SETTING DATE FOR
## PRELIMINARY INJUNCTION HEARING

       This case is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. No. 2). Finding no good cause to issue a temporary restraining order ex parte, the Court notified the Defendant of the pendency of the case and convened a telephone conference on the Motion on Friday, January 5, 2007. Plaintiff Wayne Doyle, who is proceeding *pro se*, participated on his own behalf; Defendants were represented by attorney Lauren Ross. The Clerk will enter Ms. Ross' formal appearance as counsel for Defendants.

       From the pleadings it appears that Plaintiff was barred from all locations of the Clark County Public Library by a letter issued by Defendant John McConagha on or about March 21, 2005. Plaintiff appealed and was granted a hearing, but Mr. McConagha continued the bar in effect for two years, or until March 21, 2007. This case and the instant Motion were filed January 3, 2007.

       The purpose of a temporary restraining order is to prevent irreparable injury which would likely occur between the time a case is filed and the case can be heard on motion for preliminary injunction. *First Technology Safety Sys., Inc., v. Depinet,* 11 F.3d 641 (6th Cir. 1993). Plaintiff in

1

his papers and orally during the hearing raises important questions regarding access by the public to public libraries and the quality of due process which must be afforded to patrons when the library proposes to revoke or suspend that access. However, Plaintiff has not proven that he will be irreparably injured by having the bar remain in place for the short time necessary to schedule this matter for preliminary injunction hearing. The bar has now been in effect for almost twenty-two months and nothing of which the Court is aware prevented Plaintiff from bringing this case earlier. Plaintiff has not attempted to show, either in his papers or during the hearing, that he has no access to competitive sources of information. Without denigrating the value or convenience of the services of the Clark County Public Library or knowing Plaintiff's particular circumstances, the Court notes that such sources as the Internet, commercial bookstores, or other public library systems would typically be available to persons in Plaintiff's situation. Again, the Court does not know Plaintiff's particular circumstances – how easy it may or may not be for him to travel to other locations or to afford the services they offer. But the burden of proving irreparable injury is on a plaintiff who seeks a temporary restraining order, and Plaintiff has not proved that he has no access to other sources of information and/or that that need is so immediate that it cannot wait until a preliminary injunction hearing, given that Plaintiff has waited almost two years to seek relief.

Accordingly, it is respectfully recommended that the Motion for Temporary Restraining Order be denied without prejudice to a possible preliminary injunction. This case is hereby set for preliminary injunction hearing in Courtroom No. 4 on January 22, 2007, at 9:30 a.m. If that time and date is impossible for either party, that party shall consult with the opposing party about a possible time and contact the Court's judicial assistant, DeAnna Perry, to re-set the matter.

January 8, 2007.

s/ Michael R. Merz
Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).