# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

      Plaintiff,      :      Case No. 3:07-cv-003

                                   District Judge Thomas M. Rose
     -vs-                      Chief Magistrate Judge Michael R. Merz

                             :

CLARK COUNTY PUBLIC LIBRARY,
  et al.,

      Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Objections and Renewed Motion for an "Emergency"Temporary Restraining Order (Doc. No. 9). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

In his Objections, Plaintiff argues that the original Report recommends denying a temporary restraining order "without stating the reason why a citizen continues to be barred from a public library." In order to obtain a temporary restraining order, a plaintiff must prove not only that he is being denied a right, but that the court must act immediately to maintain the status quo even without a formal hearing where evidence is taken on a motion for preliminary injunction. Plaintiff delayed nearly twenty-two months from the time he was barred from the library to bring his case. In contrast, this Court held the initial hearing on his Motion for Temporary Restraining Order within two days of its filing, before he had even obtained service of process on the library. Even though he raises very important questions about citizen access to public libraries, he simply has not proven

1

why he needs relief before the preliminary injunction hearing which is set for January 22, 2007.

In his Objections, Plaintiff relies on his version of what happened during the temporary restraining order hearing. In the Notice Regarding Objections appended to the Report and Recommendations, the Court informed the parties that

> If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

(Report and Recommendations, Doc. No. 5, at 3.) Plaintiff has made no request for transcription of the hearing. The official record of proceedings is what was recorded by the Court, not what Plaintiff remembers of the proceedings.

It is therefore again respectfully recommended that the Motion for Temporary Restraining Order be denied, pending a hearing on the preliminary injunction motion.

January 16, 2007.

> s/ Michael R. Merz
> Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).