# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

       Plaintiff,     :     Case No. 3:07-cv-003

                                    District Judge Thomas M. Rose
   -vs-                           Chief Magistrate Judge Michael R. Merz

                               :

CLARK COUNTY PUBLIC LIBRARY,
  et al.,

       Defendants.

## DECISION AND ORDER

       This case is before the Court on Plaintiff's Objections (Doc. No. 15) to the Report and Recommendations (Doc. No. 13) on the request for preliminary injunctive relief. The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed. Upon reconsideration, the Report and Recommendations are WITHDRAWN. Any request for preliminary injunctive relief will be re-set after the preliminary pretrial conference.

       Plaintiff moves the Court to transfer the venue of this action to Columbus, Ohio, where he says he initially filed it. Actually, Plaintiff apparently sent his initial proposed filing to the Clerk in Columbus who forwarded it to the Clerk in Dayton for filing. Thus there was no formal transfer of the case from Columbus to Dayton. The reason the Clerk sent the initial filing to Dayton is that S. D. Ohio Civ. R. 82.1(c) provides that "[a]n action against a defendant or defendants resident in this district shall be filed at the location of Court which embraces a county in which at least one defendant resides." Both the Clark County Library and its director, Defendant McConagha, are

1

alleged in the Complaint to reside in Clark County, Ohio, which is assigned for venue purposes to the Dayton location of Court. Thus the case should have been filed in Dayton, as it was. The Motion to Transfer to Columbus is denied.

Plaintiff's Request for Transcription of the January 5, 2007, telephone hearing on his motion for temporary restraining order and of the January 22, 2007, preliminary injunction hearing is granted. The Clerk shall arrange for the transcription of those proceedings. Once the transcription is made and filed for record, Plaintiff may obtain a copy thereof from the court reporter if he so desires.

The Court notes that the Plaintiff has not yet served process on either of the Defendants. Indeed, no process has issued and Defendants specifically advised Plaintiff during the initial hearing that they would not waive service of process. Plaintiff shall promptly cause the Clerk to issue process and shall have said process served. Once process has been served, the Court will set a preliminary pretrial conference under Fed. R. Civ. P. 16.

January 25, 2007.

s/ Michael R. Merz
Chief United States Magistrate Judge
