IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO WESTERN DIVISION AT DAYTON
(CATCHMENT DISTRICT)

2007 JAN 24 P 4:44

**WAYNE DOYLE**

        Plaintiff,        Case no. 307-cv-003

  -vs.-

                                    District Judge Thomas M. Rose
                                    And Chief Magistrate Judge
                                    Michael R. MerZ

**JOHN MC CONAGHA** and
the Clark County Library et al,

        Defendants.

1. MOTION TO RESCHEDULE PRELIMINARY INJUNCTION HEARING

**<u>OBJECTION TO: Judge Merz January 22,2007, report and recommendations of preliminary injuction.</u>** 24th day of January 2007.

*IN SUPPORT OF THE FOLLOWING*

On January 8, 2007 Judge Merz said: "This case is hereby set for preliminary injunction hearing in Courtroom No. 4 on January 22, 2007, at 9:30 a.m. If at any time and date is impossible for either party, that party shall consult with the opposing party about a possible time and contact the Court's Judicial assistant, DeAnna Perry, to re-set the matter. January 8, 2007.

On Friday, January 19,2007, Plaintiff Wayne Doyle attempted to reschedule the January 22,2007 hearing. Wayne Doyle told Lauren

INJUSTICE ANYWHERE IS A THREAT TO JUSTICE EVEREWHERE

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO WESTERN DIVISION AT DAYTON
(CATCHMENT DISTRICT)

*Ross he would not be at the hearing on the following Monday because he his his transportation was down. Lauren Ross told Wayne Doyle that she was told that since he didn't present a motion to the court to that effect, She was told that the hearing was still scheduled and she would have to be there.*

*On January,22,2007, Lauren Ross told Judge Merz for the record the plaintiff told her in a telephone call on Friday, 1/19/07," he would not be here as he had no transportation."*

*On January,22,2007, Plaintiff Wayne Doyle contacted the court to inform them that he wanted to reschedule the hearing because his transportation wouldn't make it to Dayton. The court told me I had to be there on Monday, and that I had to present a motion to the court in order to be excused.*

## RELIEF SOUGHT

EAT WHAT YOU SERVE AS YOU SPEAK THROUGH YOUR ENTRIES.

HEARING TO BE RESET

_____

Wayne Doyle

INJUSTICE ANYWHERE IS A THREAT TO JUSTICE EVEREWHERE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

## CIVIL MINUTES

CASE NUMBER: 3:07-cv-03          DATE: 01/22/2007

CASE CAPTION: Doyle v. McConagha et al

PROCEEDINGS: Preliminary Injunction Hearing

**BEFORE CHIEF UNITED STATES MAGISTRATE JUDGE MICHAEL R. MERZ**

COURT REPORTER: Cathy Schutte-Stant
DIGITAL RECORDING #: MRM070122-085342

COURTROOM DEPUTY: Gayle Hays

PLAINTIFF(S) COUNSEL:                    DEFENDANT(S) COUNSEL

                                         Lauren Ross

DOCKET ENTRY/ORDERS:

Plaintiff not present; Defense counsel Lauren Ross states for the record the plaintiff told her in a telephone call on Friday, 1/19/07, he would not be here as he had no transportation. The Motion for Preliminary Injunction is taken under advisement and the parties will be advised in writing of the Court's decision.

Convened:   9:35
Recessed:   9:40

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO WESTERN DIVISION AT DAYTON
(CATCHMENT DISTRICT)

## SERVICE

*I herby certify that a true copy of the renewed restraining order motion was served upon Lauren M. Ross, P.o. Box 1488 Springfield, Ohio 45501-1488 Martin, Browne, Hull& Harper, P.L.L. One S. Limestone St. Suite 800 by regular mail this  24  day of January 2007.*

*Wayne Doyle*

INJUSTICE ANYWHERE IS A THREAT TO JUSTICE EVEREWHERE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

      Plaintiff,  :  Case No. 3:07-cv-003

                                  District Judge Thomas M. Rose

     -vs-                         Chief Magistrate Judge Michael R. Merz

                                :

CLARK COUNTY PUBLIC LIBRARY,
et al.,

      Defendants.

*[handwritten annotation: Finding. The decision reached by a judge or jury on issues or fact.]*

## REPORT AND RECOMMENDATIONS; ORDER SETTING DATE FOR
## PRELIMINARY INJUNCTION HEARING

       This case is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. No. 2). Finding no good cause to issue a temporary restraining order ex parte, the Court notified the Defendant of the pendency of the case and convened a telephone conference on the Motion on Friday, January 5, 2007. Plaintiff Wayne Doyle, who is proceeding *pro se*, participated on his own behalf; Defendants were represented by attorney Lauren Ross. The Clerk will enter Ms. Ross' formal appearance as counsel for Defendants.

       From the pleadings it appears that Plaintiff was barred from all locations of the Clark County Public Library by a letter issued by Defendant John McConagha on or about March 21, 2005. Plaintiff appealed and was granted a hearing, but Mr. McConagha continued the bar in effect for two years, or until March 21, 2007. This case and the instant Motion were filed January 3, 2007.

       The purpose of a temporary restraining order is to prevent irreparable injury which would likely occur between the time a case is filed and the case can be heard on motion for preliminary injunction. *First Technology Safety Sys., Inc., v. Depinet*, 11 F.3d 641 (6th Cir. 1993). Plaintiff in

1

*[handwritten margin note: Ad Memory]*

his papers and orally during the hearing raises important questions regarding access by the public to public libraries and the quality of due process which must be afforded to patrons when the library proposes to revoke or suspend that access. However, Plaintiff has not proven that he will be irreparably injured by having the bar remain in place for the short time necessary to schedule this matter for preliminary injunction hearing. The bar has now been in effect for almost twenty-two months and nothing of which the Court is aware prevented Plaintiff from bringing this case earlier. Plaintiff has not attempted to show, either in his papers or during the hearing, that he has no access to competitive sources of information. Without denigrating the value or convenience of the services of the Clark County Public Library or knowing Plaintiff's particular circumstances, the Court notes that such sources as the Internet, commercial bookstores, or other public library systems would typically be available to persons in Plaintiff's situation. Again, the Court does not know Plaintiff's particular circumstances – how easy it may or may not be for him to travel to other locations or to afford the services they offer. But the burden of proving irreparable injury is on a plaintiff who seeks a temporary restraining order, and Plaintiff has not proved that he has no access to other sources of information and/or that that need is so immediate that it cannot wait until a preliminary injunction hearing, given that Plaintiff has waited almost two years to seek relief.

Accordingly, it is respectfully recommended that the Motion for Temporary Restraining Order be denied without prejudice to a possible preliminary injunction. This case is hereby set for preliminary injunction hearing in Courtroom No. 4 on January 22, 2007, at 9:30 a.m. If that time and date is impossible for either party, that party shall consult with the opposing party about a possible time and contact the Court's judicial assistant, DeAnna Perry, to re-set the matter. January 8, 2007.

s/ Michael R. Merz<br>Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

       Plaintiff,   :   Case No. 3:07-cv-003

                                    District Judge Thomas M. Rose
  -vs-                                Chief Magistrate Judge Michael R. Merz

                                :

CLARK COUNTY PUBLIC LIBRARY,
  et al.,

       Defendants.

### DECISION AND ORDER

This case is before the Court on Plaintiff's Objections (Doc. No. 15) to the Report and Recommendations (Doc. No. 13) on the request for preliminary injunctive relief. The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed. Upon reconsideration, the Report and Recommendations are WITHDRAWN. Any request for preliminary injunctive relief will be re-set after the preliminary pretrial conference.

Plaintiff moves the Court to transfer the venue of this action to Columbus, Ohio, where he says he initially filed it. Actually, Plaintiff apparently sent his initial proposed filing to the Clerk in Columbus who forwarded it to the Clerk in Dayton for filing. Thus there was no formal transfer of the case from Columbus to Dayton. The reason the Clerk sent the initial filing to Dayton is that S. D. Ohio Civ. R. 82.1(c) provides that "[a]n action against a defendant or defendants resident in this district shall be filed at the location of Court which embraces a county in which at least one defendant resides." Both the Clark County Library and its director, Defendant McConagha, are

1

alleged in the Complaint to reside in Clark County, Ohio, which is assigned for venue purposes to the Dayton location of Court. Thus the case should have been filed in Dayton, as it was. The Motion to Transfer to Columbus is denied.

Plaintiff's Request for Transcription of the January 5, 2007, telephone hearing on his motion for temporary restraining order and of the January 22, 2007, preliminary injunction hearing is granted. The Clerk shall arrange for the transcription of those proceedings. Once the transcription is made and filed for record, Plaintiff may obtain a copy thereof from the court reporter if he so desires.

The Court notes that the Plaintiff has not yet served process on either of the Defendants. Indeed, no process has issued and Defendants specifically advised Plaintiff during the initial hearing that they would not waive service of process. Plaintiff shall promptly cause the Clerk to issue process and shall have said process served. Once process has been served, the Court will set a preliminary pretrial conference under Fed. R. Civ. P. 16.

January 25, 2007.

s/ Michael R. Merz
Chief United States Magistrate Judge

2

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).