# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT
## EASTERN DIVISION
## (CATCHMENT DISTRICT)

*Wayne Doyle*
*202 Southern Avenue*
*Springfield ,Ohio 45506*

*Case no. 3:07 -cv-0003*
*Judge Rose*
*Magistrate Merz*

    *Plaintiff,*

*Jury Demand*

*-vs.-*

*John Mc Conagha and*
*The Clark County Library et, al*
*Springfield, Ohio 45506*

    *Defendants.*

-------------------------------------------------------------------------------

*MOTION FOR PLAINTIFF TO AMEND COMPLAINT*

-------------------------------------------------------------------------------

   *Plaintiffs Motion this court to amend the January 8, 2007,*
*complaint to add the following claims, exhibits and 1/5/2007*
*Court transcript.*

SUBMITTED

*WAYNE DOYLE*
*202 Southern Avenue*
**Springfield, Ohio 45506**
**UNITED STATES DISTRICT COURT**

## (CATCHMENT DISTRICT)

*On or about March 18th 2005, the following basic civil rights*

*Were taken from Wayne Doyle because of race.*

*(1) Race Discrimination----- Wayne Doyle was barred from a public library for (two years) on the word of a white man supported only by hearsay evidence see transcript- Judge Merz said: The only evidence we have that it was made is that Mr. McConagha said it was made. Even though no Physical person has accused him of harassing them. Wayne Doyle continues to be barred from the library in spite of all of the evidence Plaintiff Doyle has presented before this Court. See 1/5/2007 , Judge Merz questions and answers during the telephone conference.*

-------------------------------------------------------------------------------
## RELIEF SOUGHT
-------------------------------------------------------------------------------

### PLAINTIFF WAYNE DOYLE CIVIL RIGHT TO ENTER INTO THE LIBRARY AS OF 2-28-2007

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

## RIGHTS DENIED

i.     Religion- Speech--Assembly—Petition
v.     Due Process
vi.    Right to confront accuser.
vii.   Common law suits—jury trial
viii.  Cruel and unusual punishment
ix.    Non Enumerated Right 1791
xiii.  Abolition of Slavery (1865)
xiv.   Privileges and Immunities, Due Process, Equal Protection under
       the law.

Rights to be denied on Account of Race.

# *PROTECTION OF RIGHTS*

*U.S.C. :42 :1981 of title 42 (Equal protection under the law) based on race in making and enforcing contracts, participating in lawsuits and giving evidence,*

*42 (USC `1981) Protection against discrimination included civil action for deprivation of rights.*

*42 (USC 1983) Conspiracies to interfere with Civil Rights.*

*USC : 42 1985/42 U>S>C 1985 Conspiracy against Rights of Citizens.*

*18 U>S>C 241) Deprivation of Rights under color of law. Race dis-*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT
### EASTERN DIVISION

GUARANTEED RIGHTS OF WAYNE DOYLE, ENFORCED BY THE
UNITED STATES CONSTITUTION AND LAWS AND TREATIES OF
THIS UNION.

On or about March 18th 2005, the following basic civil rights were taken

from Wayne Doyle, because of his race, religion,education,background.

He was handed a letter barring him from a public library for (2) years

Denying him the following amended basic rights.

## JURISDICTION

1.    Jurisdiction of this Honorable Court is invoked because Defendants

All reside in, and/or conduct busniess within this Federal District and

Division and pursuant to 28 U.S.C. @1331 and 28 U.S.C. @ 1343(3) et seq.

To enforce Rights Guaranteed by the United States Constitution and Laws

and Treatises of this union.

## FACTS

Plaintiff being first duly sworn, hereby alleges as follows:

2.    That Plaintiff is, and was, at all times relevant to this case, a

resident of this federal Judicial District.

3.  That Defendant is and was, at all times relevant to this case, a state

Actor conducting busniess and violating civil rights in this federal Judicial    $1^{31}$

District.    $6, 7, 9, 11, 14, 15$

4.  That on March 21, 2005, Plaintiff was excercising his $1^{st}, 5^{th}, 8^{th}, 14^{th}$,

Amendment rights attempting to peacefully assemble and exercise his public

Accomondation rights at the Clark County public library in Springfield,OH.

5.  That on arrival at such address, Defendant, John Mc Conagha, by and

through Agent John Dempsey approached plaintiff with a letter banning

him from the public library.

# FACTS

1.    3/21/05 *Incident report* written by Jeffery S. Smith. John Dempsey said: "I
John Dempsey escorted him to the Directors office" even though the incident
report has only one hand writing. Angie Jones nor John Dempsey wrote on
the incident report. Jeffery S. Smith wrote for Angie Jones and John Dempsey;
"Hearsay."

2.    3/21/05' *letter banning* Plaintiff Doyle from the library. Director John
McConagha said"Because you have violated the Clark County Library,s Code
of Conduct by *staring,following*, a library user about the library, *and harassing
a library user*, you are banned effective March 21, 2005 until March 21, 2007
from the library facilities. The complaint against you was made to one of our
security officers at the Main Library on Friday, March 18,2005 by a female
African- -American library user. *I confirmed* the *complaint by phone
today.*"hearsay. *3/21/05 permission to appeal decision.* Director John
McConagha said after banning Plaintiff from the library "You may appeal
this *decision in writing to me* within 30 days of your reciept of this letter. Your
appeal may *include your version* of events on March 18,2005. *Plaintiff was
banned from the library without being asked his side of the story*
Then Plaintiff Wayne Doyle was advised that he could *submit the only written
version* of the "alleged" 3/21/05 incident.

3.    4/25/05 *Appeal Decision.* Director John McConagha said:  In making my
decision,I have considered the report of the security guard, my phone call to the
complaintant, the affidavit of Stephanie Southers as well as Mr Doyle's statement
given at the appeal hearing. I found the Complaintant's version of what happened
and the security guard's report to be credible. The Complaintant's statement that
she made to me was consistent with what she reported to the officer. I did not find
Mr Doyle's version of what happened on March 18,2005 credible. *Mr Doyle was not
able to offer an explanation of why the Complaintant would fabricate such a story*

*Note. The alleged complaintant, Angie Jones nor the security officer's Jeffery Smith or John Dempsey were present at the appeal hearing to give their written,spoken,assumed statement concerning Plaintiff DoyleS 'alleged misconduct. Director John McConagha held the 4/25/2005, appeal hearing representing the evidence, Judge and the jury.*

*Plaintiff Wayne Doyle received a copy of the incident report for the first time at the appeal hearing on 4/25/05.*

*4.   4/25/2005 Plaintiff Wayne Doyles <u>written statement</u>. Wayne Doyle said: I also have a witnesses from security staff name John /Dempsey.  On the second page of the incident report that there were no teens or children in the teen area at no time,when I was using the area.  Other adults use the same area without teen or children present.  It seems to me, if there is really a complaintant, this person was probably watching and following me around on days my kids were there.  Her complaint is nothing more than a lie so that the Director can paint the picture of me that he's already has in his mind to paint reguardless of wheather or not the complaint was true or false"*

*5.   10/23/06  <u>Public records request</u>. .John McConagha said: (1) There is no written statement from Angie Jones.  (2)  Angie Jones recorded statement from 3/21/05 is enclosed.*

*6.   11/6/2006  <u>Public records request</u>.   John Mc Conagha said: We do not have a recorded statement from Angie Jones.*

*7.   11/16/2006 Public records request.  John McConagha said no charges of: Disorderly conduct had been filed against Plaintiff Wayne Doyle.*
*No criminal charges filed against Wayne Doyle by the Clark County Library for Harrassing her.No record of criminal charges filed against Wayne Doyle by Angie Jones.*

## SERVICE

*I, the undersigned, solemnly SAY that a true and accurate copy of this Motion was mailed to Defendant, with a courtesy copy of Plaintiff's Verified Complaint,this 3rd day of January, 2007 to:*

*John McConagha*

**PLAINTIFF'S VERIFICATION:**

**THE UNDERSIGNED HAS COMPLETED THE ABOVE-CITED ALLEGATIONS TO THE FULLEST AND MOST ACCURATE EXTENT POSSIBLE, USING THEIR FIRST HAND KNOWLEDGE TO COMPLETE SAME,**

**SWORN AND SIGNED BEFORE ME THIS 3RD DAY OF JANUARY,2007**

### JURY DEMAND

*Plaintiff hereby demands a trial by jury on the merits in this matter.*

### THE CLAIMS

**COUNT ONE:**

**VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS, AS GUARANTEED BY THE (1ST) AMENDMENT TO THE UNITED STATES CONSTITUTION.**

*Plaintiff has a right to peacefully assemble and vist the Clark County Library. Such right was violated by Defendants.*

**COUNT TWO:**

**VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS GUARANTEED BY THE FOURTEENTH(14) AMENDMENT TO THE UNITED STATES CONSTITUTION.**

*Plaintiff has had his liberty of movement taken from him without due process of law.*

**COURT THREE:**

*VIOLATION OF 42 U.S.C. @1983.*

*The above cited civil rights violations were conducted at the behest of state actors, a fact which clearly implicates several and numerous 42 U.S.C. @ 1983 violations.*

**COURT FOUR:**

**MALICIOUS PROSECUTION**

*The above-cited facts provide a strong basis for a restrainning order and acqiital in the underlying case, with respect to the spurious complaint brought by the defendants against Plaintiff. As Much , Malicious Prosecution may be readily inferrred.*

**COUNT FIVE:**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

*Plaintiff asserts that any reasonable observer will concur that the Defendant's behaviour shocks the conscience and that they are lilble for the above-cited pendant state law tort.*

**COUNT SIX:**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

*Plaintiff asserts that any reasonable observer will concur that*

*Defendants behavour shocks the conscience and that they are liable for the above –cited pendant state law tort.*

## COUNT SEVEN:

*Plainiff reiterates all preceding paras. As incorporated herein and states that the above (in)actions constitute a common law breach of contract on multiple occasions.*

## COUNT EIGHT:

*Plaintiff reiterates all preceding paras as if incorporated herein and states that the above (in)actions have constitute a violation of principals enunciated in by way of promissory estoppel.*

### DEMANDS AND PRAYER FOR RELIEF

*WHEREFORE,Plaintiff prays that this Honorable Court enter*

*Judgment against Defendant in the following manner:*

*1.    Declaraory Judgment declaring the above described activities as*

*Standing in derogationof laws and principles of the United States and*

*Ohio Constitution, Laws, and Treatises;*

*2.    Issuance of Permanet Injunctive Relief enfoining Defendant from*

*Acting officially, individually or inconcert in any way which would violate*

*Civil rights of those governed by it.*

*3.    Issuance of any and all equitable relief, including, but not limited*

1

# INCIDENT REPORT

Branch: Dayton
Date of Incident: 3/18/05
Time of Incident: 2:00 pm

| 1. Client | Address | Post |
|---|---|---|
| Clark County Library | 201 South South St. 5rb | |

2. Police / Fire Department Notified: ☐ Yes ☐ No   Time:   Officer's Name:   RPT#/Badge #

3. Securitas Office Notified: ☐ Yes ☐ No   Time:   Name:   Title:

4. Client Notified: ☒ Yes ☐ No   Time:   Name: John McConoghu   Title: Director

5. Persons Involved/Witnesses (insert category of relationship letter opposite name in ▼ column)  A. Employee  B. Client Employee  C. Other

| ▼ | Name / Position Title | Phone Number | Organization Name and Address |
|---|---|---|---|
| | Augie ~~Jeff~~ Jones | 937-520-6774 | Patron |
| | | | |
| | | | |

6. Description of Property / Equipment  (example: Brand, Model, License or Serial #, Color, Year )

None

7. Description of Incident / Injury (WHO, WHAT, WHERE, WHY, and HOW.  Include all information in detail and attach statement if required.)

Augie ~~Jones~~ Jones told me Jeff Smith, Security
Officer that Wayne Doyle was harassing her on
the Date of March 18th 2005. She gave me her
name and number on March 20th 2015 with a
full detailed complaint of the incident.

Augie said he was following her around the
Library, and Staring at her, making her
feel uncomfortable. This was not the first
time he has followed her around. Augie told me
that she has seen Wayne in the Back Section
of the Library, messing around with young
females, and coming around with them.
Augie was very concerned about the well being
of the young girls. On March 21st 2005 12:50pm
John Dempsey Security Officer gave Wayne Doyle
the letter that the Director told him to give
to Wayne Doyle. See Attached Sheet

Officer Name: Jeffrey S. Smith   Signature: Jeffrey S. Smith   Date & Time of Report: 3/21/05

SBOP BS05 (8/05)                    COPY                    © 2003 Securitas Security Services USA

FACE The Accuser

John Dempsey told Wayne Doyle that he was to leave the property, to read the letter, and that he was trespassing, but he did <u>not</u> <u>leave</u> th. property. He asked to see the Director. I, John Dempsey escorted him, to the Directors Office, The Director John McConagha inform him, he was trespassing, and was to leave now, or the Police would be called immedio Wayne Doyle said OK, and left.



**C C P L**

**C L A R K**
**C O U N T Y**
**P U B L I C**
**L I B R A R Y**

The Information Place.



**MAIN LIBRARY**
201 SOUTH FOUNTAIN AVE
PO BOX 1080
SPRINGFIELD OHIO
45501-1080
937 323-9751
FAX: 937 328-6908
www.ccpl.lib.oh.us

**HOUSTON BRANCH**
5 W JAMESTOWN ST
BOX 127
SOUTH CHARLESTON OHIO
45368
937 462-8047

**INDIAN MOUND**
**BRANCH**
45 INDIAN DR
ENON OHIO
45323
937 864-2502

**PARK CENTER BRANCH**
119 BECHTLE AVE
SPRINGFIELD OHIO
45504
937 322-2498

**SOUTHERN VILLAGE**
**BRANCH**
1123 SUNSET AVE
SPRINGFIELD OHIO
45505
937 322-2226

March 21, 2005

Mr. Wayne Doyle

Dear Mr. Doyle:

Because you have violated the Clark County Public Library's Code of Conduct by staring, following a library user about the library, and harassing a library user, you are banned effective March 21, 2005 until March 21, 2007 from all library facilities. The complaint against you was made to one of our security officers at the Main Library on Friday, March 18, 2005 by a female African-American library user. I confirmed the complaint by phone today.

Under the ban you are not permitted to use or be in or on the grounds of any Clark County Public Library facility. If you are on the property of any Clark County Public Library facility during the ban time period, you will be arrested for trespassing.

You may appeal this decision in writing to me within 30 days of your receipt of this letter. Your appeal may include your version of events on March 18, 2005.

Sincerely,

John McConagha
Library Director

2nd hand information



**CLARK COUNTY PUBLIC LIBRARY**

The Information Place.

③

April 25, 2005

**MAIN LIBRARY**
201 SOUTH FOUNTAIN AVE
PO BOX 1080
SPRINGFIELD OHIO
45501-1080
937 323-9751
FAX: 937 328-6908
www.ccpl.lib.oh.us

**HOUSTON BRANCH**
5 W JAMESTOWN ST
BOX 127
SOUTH CHARLESTON OHIO
45368
937 462-8047

**INDIAN MOUND BRANCH**
45 INDIAN DR
ENON OHIO
45323
937 864-2502

**PARK CENTER BRANCH**
1119 BECHTLE AVE
SPRINGFIELD OHIO
45504
937 322-2498

**SOUTHERN VILLAGE BRANCH**
1123 SUNSET AVE
SPRINGFIELD OHIO
45505
937 322-2226

Mr. Edwin A. Grinvalds, Esq.
12 West Main Street
Springfield, Ohio 45502

Re: Wayne Doyle Appeal Decision

Dear Mr. Grinvalds:

This appeal came before me, the Clark County Public Library ("CCPL") Director, on Friday, April 15, to determine whether Mr. Wayne Doyle should be suspended from the library for violating the Library's Code of Conduct.

CCPL's Code of Conduct states that "Patrons shall respect the rights of others and shall not harass or annoy others by acts including, but not limited to: staring, following another person about the building, or behaving in a manner which reasonably can be expected to disturb others." A library patron ("Complainant") reported that Mr. Doyle was harassing her by staring and following her around the library. This behavior is in violation of CCPL's Code of Conduct. *Harass    Hear 500*

In making my decision, I have considered the report of the security guard, my phone call to the Complainant, the affidavit of Stephanie Southers as well as Mr. Doyle's statement given at the appeal hearing. I found the Complainant's version of what happened and the security guard's report to be credible. The Complainant's statement that she made to me was consistent with what she reported to the Officer. I did not find Mr. Doyle's version of what happened on March 18, 2005 credible.

*1. Security Guards report*

*2. Phone call to the Complainant*

*3. Mr. Doyles Staten of Affidavit of Stephanie Southers*

At the hearing, Mr. Doyle was given an opportunity to tell his side of the story. He denied that he followed the Complainant around the library, and was staring at anyone. Mr. Doyle did however acknowledge that he frequently sits in the Teen Room. Although he denies the Complainant's report of what happened, Mr. Doyle was not able to offer an explanation of why the Complainant would fabricate such a story.

*Preponderance of evidence*

**CCPL**

**CLARK COUNTY PUBLIC LIBRARY**

The Information Place.

**MAIN LIBRARY**
201 SOUTH FOUNTAIN AVE
PO BOX 1080
SPRINGFIELD OHIO
45501-1080
937 323-9751
FAX: 937 328-6908
www.ccpl.lib.oh.us

**HOUSTON BRANCH**
5 W JAMESTOWN ST
BOX 127
SOUTH CHARLESTON OHIO
45368
937 462-8047

**INDIAN MOUND BRANCH**
45 INDIAN DR
ENON OHIO
45323
937 864-2502

**PARK CENTER BRANCH**
1119 BECHTLE AVE
SPRINGFIELD OHIO
45504
937 322-2498

**SOUTHERN VILLAGE BRANCH**
1123 SUNSET AVE
SPRINGFIELD OHIO
45505
937 322-2226

Page 2

Re:  Wayne Doyle Appeal Decision (continued)

Therefore, I will reinstate the suspension effective immediately until March 21, 2007, from all library facilities.  As detailed in my letter sent to Mr. Doyle on March 21, 2005, Mr. Doyle is not permitted to use, be in, or on the grounds of any Clark County Public Library facility.  If Mr. Doyle is found on the grounds of the Clark County Public Library, he will be arrested for trespassing.

Sincerely,

John McConagha
Library Director

cc:  Wayne Doyle
     Johnny Pryor, Esq.

the Second Cchuiction

4.25.05
WAyNE Dyles
STATEMENT given
TO. JoHN McCoNAyh2
(4)

UN Verified
SM
HEAR

• Several occasions
• From out of Touch
• occasionally uses
  CCPL

March 30, 2005

Notes from John McConagha's phone call to complainant regarding March 18, 2005 incident:

    John McConagha, Library Director, called the complainant on March 21, 2005,
regarding harassment by Wayne Doyle. The complainant, an African-American female adult,
informed me that Mr. Doyle had been staring at her and following her on several occasions.
When asked for a specific date/time, she indicated that one instance was in the afternoon on
Friday March 18, 2005. The complainant said that she was from out of town and only
occasionally uses CCPL, but was in the library to do some research. She further indicated that
she observed Mr. Doyle staring at and following teenagers and younger children. The
complainant said that Mr. Doyle situated himself in the Teen Room at the Main Library in
such a way as to be able to stare at teenage children in the Teen Room and to stare at young
children in the adjacent Children's Room. She observed the same behavior from Mr. Doyle
toward herself and others on Saturday, March 19 as well. She filed a complaint with the
library security officer on Sunday, March 20.

a Statement From Wayne Doyle
I allso have witnesses From Securit
Staff Name John Dempsey, on the
Second page of the inciDent Report,
that there were No teens or Childre
in the teen area at No time, when
I was useing the area alone to
read certain Book that were in
that area.
Other adults use the same area without (cu

*5*

October 23, 2006

John McConagha, Director
Clark County Public Library
201 Fountain Avenue
Springfield, Ohio 45506


## Re: PUBLIC RECORDS REQUEST

### *Wayne Doyle v. Clark County Library*


**This is a public information request for a copy of any and all reports, documents, recordings in your care,**

**These materials should include but not limited to: (1) Angie Jones March 20, 2005 written detailed statement.**

**(2) Angie Jones recorded statement taken by John McConagha on or about March 20, 2006.**

**I would appreciate your prompt and immediate response to this request.**

---

**Wayne Doyle
202 Southern Avenue
Springfield, Ohio 45506**

*10/31/06*

① THERE IS NO WRITTEN STATEMENT
   FROM ANGIE JONES

② ANGIE JONES RECORDED STATEMENT
   FROM 3/21/05 IS ENCLOSED,

   *John McConagh*

March 30, 2005

Notes from John McConagha's phone call to complainant regarding March 18, 2005 incident:

    John McConagha, Library Director, called the complainant on March 21, 2005, regarding harassment by Wayne Doyle. The complainant, an African-American female adult, informed me that Mr. Doyle had been staring at her and following her on several occasions. When asked for a specific date/time, she indicated that one instance was in the afternoon on Friday March 18, 2005. The complainant said that she was from out of town and only occasionally uses CCPL, but was in the library to do some research. She further indicated that she observed Mr. Doyle staring at and following teenagers and younger children. The complainant said that Mr. Doyle situated himself in the Teen Room at the Main Library in such a way as to be able to stare at teenage children in the Teen Room and to stare at young children in the adjacent Children's Room. She observed the same behavior from Mr. Doyle toward herself and others on Saturday, March 19 as well. She filed a complaint with the library security officer on Sunday, March 20.

*John McConagha*

6

John McConagha, Director                                November 6, 2006

Clark County Library
201 Fountain Avenue
Springfield, Ohio 45506


### Re: PUBLIC RECORDS REQUEST

#### Wayne Doyle v. Clark County Library

This is a public information request for a copy of any and all reports, documents,

records, recordings in your file concerning Angie Jones complaint against Wayne Doyle.

These materials should include but not be limited to:

(1) Angie Jones tape recorded statement taken by John Mc Conagha on March 20, 2005.
(2) A copy of the library's code of conduct.
(3) The posting locations of the librarys code of conduct in the library.
(4) The number of patrons who have been barred from the library for looking at other patrons in a unappropriate way.
(5) The number of patrons who have been barred from the library for following other patrons.

I would appreciate your prompt and immediate response to this request.

Wayne Doyle
202 Southern Avenue
Springfield, Ohio 45506

*[signature]* 11/16/06

① WE DO HOT HAVE A RECORDED STATEMENT FROM ANGIE JOHES

② LIBRARY CODE OF CONDUCT IS ENCLOSED

③ THE CODE OF CONDUCT IS POSTED AT THE ENTRANCE OF ALL LIBRARY FACILITIES.

④ THIS IS NOT A REQUEST FOR PUBLIC RECORDS

⑤ THIS IS NOT A REQUEST FOR PUBLIC RECORDS

John McComagha, Director                                    November 16, 2006
Clark County Library
201 Fountain Avenue
Springfield, Ohio 45506


## Re: PUBLIC **RECORDS** REQUEST

### Wayne Doyle v. Clark County Library


This is a public information request for a copy of any and all documents,

Records, recordings, in your care concerning Angie Jones complaint against

Wayne Doyle.  These materials should include but not be limited to:

(1)  Date and time of the code of conduct posting at the Clark County library
located at 201 S. Fountain Avenue Springfield, Ohio 45506.

(2)  A copy of the **Disorderly Conduct** charge brought against Wayne
Doyle as defined under **ORC 2917.11** in the Library Code of
Conduct which states: Patrons shal not engage in conduct which
interferes with library use including but limited to, impeding access
to library property; fighting; using abusive, **menacing, insulting,**
obscene, or profane language; and verbal and or physical
propositions or threats.

(3)  A copy of any **criminal charges** filed against Wayne Doyle by the
Clark Couny library for harrassing Angie Jones.

(4)  A copy of any **criminal charges** filed against Wayne Doyle by Angie
Jones for harrassing her.

I would appreciate your prompt and immediate response to this request.

                        Wayne Doyle
                        202 Southern Avenue
                        Springfield, Ohio 45506

① HAS BEEN CONTINUALLY POSTED SINCE 2/03.

② NO CHARGES FILED

③ NO CHARGES FILED                          John McComagha
                                            11/27/06

④ WE HAVE NO RECORD OF THAT

AFFIDAVIT OF STEPHANIE SOUTHERS:

RE: WAYNE DOYLE

I WENT TO THE CLARK COUNTY PUBLIC LIBRARY ON OR ABOUT MARCH 22, 2005. MY REASON FOR THIS VISIT WAS TO INQUIRE WHY MY DAUGHTER HAD BEEN BAN FROM THE LIBRARY ON A PREVIOUS DATE. I SPOKE TO THE DIRECTOR, MR. MC CONAGHA REGARDING MY DAUGHTER TO SEE IF SHE HAD FILED A COMPLAINT AGAINST WAYNE DOYLE. THERE HAVE BEEN TIMES WHEN I HAVE ASKED MR. DOYLE KEEP AN EYE ON MY DAUGHTER AT THE LIBRARY. THE DIRECTOR INFORMED ME THAT SHE DID NOT FILE A COMPLAINT. AT THAT TIME MR. MCCONAGHA STARTED TO ASK ME QUESTIONS AND TELLING ME ABOUT WAYNE, THINGS LIKE : WAYNE DOYLE IS A SEXUAL PREDATOR, HE STARES AT WOMEN, FOLLOWS THEM AROUND THE LIBRARY AND THAT THERE HAVE BEEN OTHER COMPLAINTS ABOUT HIM. AND IF I COULD HELP HIM FOUND OUT ANY INFORMATION ABOUT WAYNE IT WOULD BE HIGHLY APPRECIATED. HE FEELS THAT WOMEN SHOULD BE ALLOWED TO COME TO THE LIBRARY WITHOUT BEING SEXUALLY HARASSED. ALSO, SOMETHING ABOUT HIM, WAYNE BEING BAN ONCE ALREADY AND THAT HE WOULD LIKE TO KEEP HIM OUT PERMANENTLY.

STEPHANIE SOUTHERS

SWORN TO AND SUBSCRIBED IN MY PRESENCE ON THIS !4TH DAY OF APRIL, 2005.

NOTARY PUBLIC

( my Lawyers) took this
   Secretary ) affiDavit



## Mutual respect
## makes it possible

**for everyone to enjoy library materials and services. You can help by refraining from behavior that interferes with the rights of others and the duties of the library staff.**

**OPEN TO ALL**



### Code of Conduct
columbuslibrary.org
645-2ASK

---

## Mutual respect
## makes it possible

**for everyone to enjoy library materials and services. You can help by refraining from behavior that interferes with the rights of others and the duties of the library staff.**



### Code of Conduct
columbuslibrary.org
645-2ASK

8

```
 1                    MR. DOYLE:   Is there a witness?

 2                    THE COURT:   To what?

 3                    MR. DOYLE:   To the phone call that

 4       he supposedly had made to this woman.

 5                    THE COURT:   I don't know whether you

 6       know the answer to that, Ms. Ross.

 7                    MS. ROSS:   No, I do not know whether

 8       anybody else was on the line or present in Mr.

 9       McConagha's office when he had the phone call

10       with the complainant.

11                    THE COURT:   Okay.

12                    MR. DOYLE:   Well, how do we know

13       that it was made?

14                    THE COURT:   Well, the only evidence

15       we have that it was made is that Mr. McConagha

16       says it was made.

17                    MS. ROSS:   He has previously

18       provided --

19                    MR. DOYLE:   So do we go on Mr.

20       McConagha's statement or the witness statement?

21                    THE COURT:   We don't have a witness

22       statement so I guess what I'm hearing you say is

23       that somehow it was a violation of your due

24       process rights for the library to exclude you on

25       the basis of a statement that only the director
```

FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


October 23,2006, Public records request: This is a public information
request for a copy of any and all reports,documents,recordings in your care.
There materials should include but not be limited to:
(1) Angie Jones March 20,2005 written detailed statement.
(2) Angie Jones recorded statement taken by John McConagha on or about
March 20, 2005.

October 31,2006, Defendants answer:
    (1) There is **no written statement** from Angie Jones.
      (2) Angie Jones **recorded statement** from 3/21/05 is inclosed. John
      McConagha,

November 6,2006, Public records request: Angie Jones tape recorded
statement taken by John McConagha on March 20,2005.

November 16, 2006, Defendants answer:
**(1) We do not have a recorded statement from Angie Jones.**


November 16,2006, Public records request: (1) A copy of the disorderly
conduct  charges brought against Wayne Doyle as defined under ORC
2917.11 in the Library Code of Conduct which states:
    (1) Patrons shall not engage in conduct which states: Patrons shall
       jot engage in conduct which interferes with library use including
       but not limited to, impeding access to library property; fighting;
       using abusive menacing, insulting, obscene , or profane
       language; and verbal and or physical propositions or threat
    (2) A copy of any criminal charges filed against Wayne Doyle by
       the Clark County Library for harassing Angie Jones.

    (1)   DEFENDANTS ANSWER: **NO CHARGES FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

## *JANUARY 5, 2007 TELEPHONE CONFERENCE*

*Attorney Ross:* **THERE HAS NEVER BEEN A TAPE RECORDING.**

*Wayne Doyle: I DON'T KNOW A MRS JONES PROBABLY NEVER SEEN*

*HER BEFORE.*

*Judge Merz:* **THE ONLY EVIDENCE WE HAVE IS THAT MC CONAGHA**

**SAID IT WAS MADE.**

*Wayne Doyle: SO DO WE GO ON MC CONAGHA STATEMENT OR THE*

*WITNESS STATEMENT?*

*Judge Merz:* **WE DON'T HAVE A WITNESS STATEMENT.**

*Wayne Doyle: CAN MC CONAGHA BE A WITNESS?*

*Judge Merz:* **NO...HE'S NOT A WITNESS OF WHAT HAPPENED IN**

**THE LIBRARY.**

*Wayne Doyle: DOES SHE UNDERSTAND THAT* **THERE WAS NO ONE**

**ELSE IN THE MEETING OR IN THE HEARING EXCEPT ME AND**

**ATTORNEY ?**

*Judge Merz: SHE UNDERSTANDS THAT, AND I DO TO.*

*Judge Merz: AS FAR AS I KNOW **THEIR ISNT ANY OTHER WITNESSEXCEPT Angie Jones.***

*Wayne Doyle: DOES THE CONSTITUTION ALLOW A PERSON TO FACE*

*THE ACUSOR?*

*Judge Merz: IN A CRIMINAL CASE.*

*Judge Merz: BARRED FROM A PUBLIC PLACE ON GROUNDS OF*

*HARRASSING A PATRON.*

*Wayne Doyle; **HOW DO THEY KNOW IT WAS ME?***

*Judge Merz: LAWYER CAN YOU ANSWER THAT ?*

***ATTORNEY ROSS NEVER ANSWERED THE QUESTION.***

***MY QUESTION TO THIS COURT IS: IF NO ONE HAS COME FORWARD ON THE RECORD TO IDENTIFY ME AS THE MAN WHO HARRASSED ANGIE JONES AND FOLLOWED HER AROUND, HOW CAN THE LIBRARY OR THE COURT CONTINUE TO KEEP ME BARRED OUT OF THE LIBRARY FOR ONE MORE DAY WITHOUT PROOF THAT IT WAS ME WHO HARRASSED ANGIE JONES? THE PUBLIC RECORD'S REQUEST SPEAK FOR IT SELF.***

*Note: Angie Jones has not come forward to accuse Wayne Doyle.*

   ***There was no written ,recorded ,statement identifying me as the one who harassed Angie Jones.***

### *IRREPARABLE HARM*
***By allowing the Clark County Library to continue to bar Wayne Doyle from entering into the library will show the world that basic human rights For the Blackman ,Whiteman,Brownman,Yellowman is worth nothing if a Unfair Blackman, Whiteman,Brownman,Yellowman is in the position to be a Judge for MANKIND. This kind of humanbeing is acting out his own discriminations.***

*Judge Merz: AS FAR AS I KNOW **THEIR ISNT ANY OTHER WITNESS EXCEPT Angie Jones.***

*Wayne Doyle: DOES THE CONSTITUTION ALLOW A PERSON TO FACE*

*THE ACUSOR?*

*Judge Merz: IN A CRIMINAL CASE.*

*Judge Merz: BARRED FROM A PUBLIC PLACE ON GROUNDS OF*

*HARRASSING A PATRON.*

*Wayne Doyle: **HOW DO THEY KNOW IT WAS ME?***

*Judge Merz: LAWYER CAN YOU ANSWER THAT ?*

***ATTORNEY ROSS NEVER ANSWERED THE QUESTION.***

***MY QUESTION TO THIS COURT IS: IF NO ONE HAS COME FORWARD ON THE RECORD TO IDENTIFY ME AS THE MAN WHO HARRASSED ANGIE JONES AND FOLLOWED HER AROUND, HOW CAN THE LIBRARY OR THE COURT CONTINUE TO KEEP ME BARRED OUT OF THE LIBRARY FOR ONE MORE DAY WITHOUT PROOF THAT IT WAS ME WHO HARRASSED ANGIE JONES? THE PUBLIC RECORD'S REQUEST SPEAK FOR IT SELF.***

*Note: Angie Jones has not come forward to accuse Wayne Doyle.*

   ***There was no written ,recorded ,statement identifying me as the one who harassed Angie Jones.***

### *IRREPARABLE HARM*
***By allowing the Clark County Library to continue to bar Wayne Doyle from entering into the ilbrary will show the world that basic human rights For the Blackman ,Whiteman,Brownman,Yellowman is worth nothing if a Unfair Blackman, Whiteman,Brownman,Yellowman is in the position to be a Judge for MANKIND. This kind of humanbeing is acting out his own discriminations.***

*Judge for mankind*

*JUDGE MERZ DID NOT CONDUCT A FAIR NOR IMPARTIAL
CONCERENCE.*

*WHEREVER I ASKED THE DEFENDANTS ATTORNEY A
QUESTION THE JUDGE WOULD ANSWER FOR THEM.*

*DURING THE ENTIRE CONFERENCE THE ATTORNEY ANSWERED
MAYBE THREE TIMES THE QUESTION I ASKED OF THEM.*

*JUDGE MERZ ANSWERED AT LEAST TWENTY TIMES FOR THE
DEFENDANTS.*

*I WOULD LIKE TO ASK THIS COURT WHICH OF THE FOLLOWING IS
BEING ADMINISTERED IN THIS CASE:*

*(1) EQUAL PROTECTION UNDER THE LAW*
*(2) CIVIL RIGHTS FOR ALL*
*(3)*

**PLAINTIFF WAYNE DOYLE MOTIONS THIS COURT FOR A
IMMEDIATE RESTRAINING ORDER TO PROTECT HIS
CONSTITUTIONAL RIGHTS.**

```
 1                    THE COURT:   Good morning.   Mr.
 2   Doyle?
 3                    MR. DOYLE:   Yes, sir.
 4                    THE COURT:   And Ms. Ross?
 5                    MS. ROSS:   Yes, sir.
 6                    THE COURT:   This is Judge Michael
 7   Merz here in Dayton.   We have set up this
 8   conference to address Mr. Doyle's motion for
 9   temporary restraining order in the case that he
10   has filed against the Clark County library and
11   its director, Mr. McConagha.
12                    MS. ROSS:   McConagha.
13                    THE COURT:   McConagha.   And the case
14   number -- I'm reciting all this because we are on
15   the record.   The Case Number is 3:07-cv-003.
16                    Mr. Doyle, I assume you have not
17   previously had a chance to make Ms. Ross's
18   acquaintance.
19                    MR. DOYLE:   No, I haven't, sir.
20                    THE COURT:   All right.   Once you
21   filed the -- your complaint, the Court is obliged
22   to, if it's not going to issue a temporary
23   restraining order immediately and without notice
24   to the other parties.
25                    MR. DOYLE:   That's right.
```

3

```
 1            THE COURT:  It is required to give
 2   notice to the other parties unless it finds that,
 3   that it ought to proceed without notice.  And in
 4   this case, since you've been suspended since
 5   March of 2005 and since we were able to get
 6   notice to the other party right away, it seemed
 7   to me that that was what I was required to do by
 8   Rule 65.
 9            So that's why we've notified the
10   library and the library of course has retained
11   Ms. Ross to represent them in this case.
12            The first matter I want to deal with
13   is the question of consent to magistrate
14   jurisdiction.  I, as Ms. Ross I think probably
15   knows and, Mr. Doyle, I'll need to explain to
16   you, I'm a United States magistrate judge.  That
17   means I'm appointed by the judges and not by the
18   President of the United States, and I'm going to
19   be handling the case for some -- because Judge
20   Rose has asked me to, for some parts.
21            I can, with your consent, handle the
22   case for everything from what we're doing this
23   morning through the jury trial that you have
24   demanded to final judgment.  But that depends
25   upon your consent and of course the consent of
```

4

1    Ms. Ross's clients.

2              Usually, the advantage to the

3    parties is that that can let things go a lot

4    faster.  For example, if you consent, then I

5    would have the authority to decide your motion

6    for temporary restraining order.

7              If you don't consent or Ms. Ross's

8    clients don't consent, then we have to -- I have

9    to make a recommendation to Judge Rose.  There's

10   a fairly long period of time for objections.  And

11   then Judge Rose would have to consider those

12   objections.

13             That's really the reason why we have

14   magistrate judges so that some cases can be moved

15   along a little faster than the other ones would

16   be.

17             Any questions about that, Mr. Ross?

18   I'm sorry, Mr. Doyle?

19             MR. DOYLE:  Will Attorney Rose

20   consent?

21             THE COURT:  Well, I'll ask her.  Ms.

22   Ross, is the library willing to consent?

23             MS. ROSS:  At this point, no, your

24   Honor.

25             THE COURT:  Well, that moots the

5

```
 1  thing.
 2              MS. ROSS:  Okay.
 3              THE COURT:  Because as I should have
 4  pointed out, Mr. Doyle, if I didn't, the consent
 5  has to be unanimous.  So we will send out a
 6  formal letter with my resume to both parties and
 7  allow you to take a look at that once you've
 8  gotten copies of it.
 9              MS. ROSS:  Okay.
10      ✱       THE COURT:  All right.  So we're
11  right to the merits then of the temporary
12  restraining order.
13              Mr. Doyle, is there anything more
14  you want to tell me about why the library should
15  be restrained from excluding you other than what
16  you have said in the papers?
17              MR. DOYLE:  Let me look over, let me
18  look over the pages.
19              THE COURT:  Sure.  Sure.
20              MR. DOYLE:  Due process.
21              THE COURT:  Okay.  What did you want
22  to say about that?
23              MR. DOYLE:  Can we talk about that
24  now?
25              THE COURT:  Sure.
```

6

1                  MR. DOYLE: Am I entitled to be in

2 the library now?

3                  THE COURT: Well, that's the

4 question for the lawsuit. You've got -- as I see

5 the order from Mr. McConagha, you've been

6 excluded from the library from March 21st of 2005

7 up until March the 21st of this year. And

8 what -- as I understand it, what you're asking

9 the Court to do is to reverse that order so that

10 you can be in the library now. Right?

11                  MR. DOYLE: Yes.

12                  THE COURT: Okay. Is there anything

13 you want to tell me as to why you think you were

14 unfairly excluded from the library?

15                  MR. DOYLE: Because there is no

16 written statement from Angie Jones or the person

17 that is supposed to be my accuser.

18                  THE COURT: Because she didn't make

19 a written statement, huh, okay.

20                  MR. DOYLE: There's no recorded

21 statement from this person either.

22                  THE COURT: No recorded statement.

23 Okay. I thought I saw some reference in there,

24 but I guess maybe not. Yeah. I see a note back

25 here -- this is a part of your complaint.

7

1          MR. DOYLE:   The public, the public
2   record request shows that Mr. McConagha said
3   there was a recorded statement.
4          THE COURT:   Right.   And it says it
5   was enclosed.   So, this is --
6          MR. DOYLE:   Where is the recorded
7   statement?
8          THE COURT:   Well, I --
9          MS. ROSS:   Your Honor, I do have
10  some information about that.   There was never any
11  tape recording.   Mr. McConagha spoke with the
12  complainant and made a written summary of it and
13  he provided a copy of that written summary to Mr.
14  Doyle and his attorney.
15         THE COURT:   And that would be the
16  note that, I guess, that's part of your
17  complaint, Mr. Doyle, that says:   Notes from John
18  McConagha's phone call to complainant regarding
19  March the 18th, 2005 incident.
20         MS. ROSS:   That's my understanding,
21  your Honor, is when Mr. McConagha got the request
22  for recorded statement, that's what he provided
23  in response to that request.   There is -- there
24  never has been any tape recording.
25         THE COURT:   Okay.

9

1  witnessed?  Is that what you're saying?

2                 MR. DOYLE:  Let me ask you, Mr.

3  Merz, is that the law?

4                 THE COURT:  I don't know yet.  I

5  haven't had a chance to do any research in this

6  particular area because I wanted to get this

7  conference going as quickly as possible, to find

8  out what the positions of the parties were and

9  then -- and then do the research once I had a

10  second or two to do that.  There are --

11                 MR. DOYLE:  Can McConagha be a

12  witness?

13                 THE COURT:  To what?

14                 MR. DOYLE:  Of what happened in the

15  library.

16                 THE COURT:  No, is's not a witness

17  of what happened in the library.  As far as I

18  know, it's -- there isn't any other witness

19  besides Angie Jones.  Is that your understanding,

20  Ms. Ross?

21                 MS. ROSS:  Well, Ms. Jones first

22  reported her concerns about Mr. Doyle to the

23  security officer who was on duty in the library

24  that day.

25                 THE COURT:  Right.

10

1      MS. ROSS:  So to the extent, to some
2  extent he is a witness and he, and he saw Mr.
3  Doyle, I believe, present that day.  There also
4  happened to be a police officer on duty that day
5  as well who also witnessed Mr. Doyle on the day
6  in question.

7      THE COURT:  Okay.

8      MS. ROSS:  So we have some
9  additional fact witnesses or direct witnesses, I
10  suppose.

11      THE COURT:  Other people --

12      MR. DOYLE:  Excuse me.

13      THE COURT:  Go ahead.

14      MR. DOYLE:  At the appeal hearing,
15  were they present, those --

16      THE COURT:  I don't know.

17      MR. DOYLE:  The officer, Angie Jones
18  and whatever, the fact Mr. McConagha, was they
19  actually at the meeting, at the hearing?

20      THE COURT:  I don't know, Mr. Doyle.
21  Were you there?

22      MR. DOYLE:  Yes.

23      THE COURT:  So you know whether they
24  were there or not.  I don't.  What can you tell
25  us about that?

11

1          MR. DOYLE:  I was asking that to the
2    attorney for the library.
3          THE COURT:  Do you know, Ms. Ross?
4          MS. ROSS:  No, I was not present.
5    It's my understanding, as you just suggested,
6    that Mr. Doyle was present.
7          THE COURT:  Right.  What can you
8    tell us about that, Mr. Doyle?
9          MR. DOYLE:  Okay.  I'm -- just a
10   minute.  I'm looking at McConagha's statement at
11   the hearing.
12         THE COURT:  Okay.
13         MR. DOYLE:  Does Mrs. Ross have the
14   injunction in front of her?
15         THE COURT:  I hope so.
16         MS. ROSS:  Well, I have the
17   complaint and the motion for temporary
18   restraining order in front of me, yes.
19         THE COURT:  Right.
20         MS. ROSS:  The library, to my
21   knowledge, has not received them yet but I pulled
22   them off the Court's electronic dockets.
23         THE COURT:  Right.  There hasn't
24   been any process issued in the case.  We'll come
25   back to that issue.

12

1            MS. ROSS:  Right.

2            MR. DOYLE:  Look at page 3.

3            THE COURT:  Page 3 of?  Page 3 of

4    what?  Oh, I see.  Okay.  That's Mr. McConagha's

5    letter of April 25th, 2005 to Mr. Edwin

6    Grinvalds, G-R-I-N-V-A-L-D-S who, I guess, was

7    your lawyer at the time.

8            MR. DOYLE:  Yes, sir.

9            THE COURT:  Okay.  So I'm looking at

10   that.  Do you have that, Ms. Ross?

11           MS. ROSS:  Yes, I do, your Honor.

12           THE COURT:  Excellent.

13           MR. DOYLE:  Could you, judge, could

14   you please have their attorney to read that?

15           THE COURT:  She has read it.

16           MS. ROSS:  Yes, I have.

17           MR. DOYLE:  So is this her

18   understanding that anyone in McConagha's favor

19   was there.

20           THE COURT:  I'm sorry?  What's your

21   question?

22           MR. DOYLE:  Is it, does she

23   understand that there was no one else in the

24   meeting or in the hearing?

25           THE COURT:  Except for you and

13

1  McConagha.

2          MR. DOYLE:  Me and my attorney.

3          THE COURT:  And McConagha.

4  ✳ ✳ ✳      Yeah, I think she understands that.

5  I do too.

6          MR. DOYLE:  Okay.  Well, earlier she

7  said she didn't know if they was there.

8          THE COURT:  She -- knowing,

9  sometimes lawyers, lawyers will use the word

10  "knowing" really to mean:  Did I see it or did I

11  hear it.  She wasn't there, so she doesn't know

12  in that sense, same as me.          with

13          But her understanding is that Mr.

14  McConagha is telling the truth in this letter

15  and, according to what you've told us, that's ✳✳

16  accurate, that you and your lawyer and McConagha

17  were the only persons who were there.

18          MR. DOYLE:  And the prosecutor's

19  office.

20          MS. ROSS:  Yes.

21          THE COURT:  Or was there somebody

22  there?

23          MS. ROSS:  Your Honor, the library

24  was represented in this matter and subsequent

25  administrative charges with the Ohio Civil Rights

14

1   Commission by an assistant county prosecutor.

2   According, my understanding from reviewing the

3   records relating to the Ohio Civil Rights

4   Commission Charge which was dismissed, that

5   assistant county prosecutor was present at the

6   appeal hearing as well.

7                THE COURT:   Okay.   I didn't know

8   that.

9                MR. DOYLE:   But were the witnesses

10  there?        *＊＊

11               THE COURT:   No.   Not unless you tell

12  us they were.

13               MR. DOYLE:   What I was saying is,

14  based on the hearing decision, and what you're

15  reading, were they there?

16               THE COURT:   No.

17               MR. DOYLE:   So did Mr. McConagha

18  just rely on the security officer's report?

19               THE COURT:   Well, what he says is,

20  and we don't have at the present time any basis

21  to dispute this.   What he says is he relied on *＊＊

22  the security officer's report, plus his call to

23  Angie Jones plus the affidavit of Stephanie

24  Southers, and I don't know -- I haven't seen that

25  document.   I don't know what that is.   Plus your

15

1  statement.  That's what he says he relied on.

2              MR. DOYLE:  So what I want to know

3  is:  What evidence was presented at the hearing.

4              THE COURT:  Just exactly what you've

5  already been told.

6              MR. DOYLE:  I mean as far as the

7  evidence.

8              THE COURT:  The security officer's

9  statement, the complainant's telephone

10  conversation with McConagha, the Stephanie

11  Southers affidavit which I haven't seen and your

12  statement.  That's what was presented.

13              MR. DOYLE:  Is, is, is that legal

14  evidence for a security officer to supposedly

15  take a person's, you know, accusations on another

16  person?

17              THE COURT:  Well, that's what we've

18  got to decide, you know, if Ms. Jones, this is

19  purely hypothetical, but if Ms. Jones had gone to

20  the police and said, you know, "on this day, Mr.

21  Doyle threatened me," that would be enough for a

22  police officer to file a criminal complaint, but

23  obviously it wouldn't be enough to convict you in

24  a court of law.  They would have to bring in Ms.

25  Jones and she'd have to testify under oath in a

16

1  court of law.

2              But of course that's the whole

3  question that this case seems to raise, is

4  whether Mr. McConagha, or whether any public

5  library, has to follow rules of evidence such as

6  are applicable in criminal court.

7              MR. DOYLE:  Could that just be

8  hearsay evidence?

9              THE COURT:  It is hearsay.

10             MR. DOYLE:  That this is based on.

11 Then this is why I'm filing this.

12             THE COURT:  Okay.  All right.  We

13 have an understanding of your position then.

14             As I understand your position, it is

15 that you cannot, or no one can be barred from a

16 public library on the basis of a finding which is

17 just based on hearsay evidence.

18             MR. DOYLE:  Yeah, because Mrs.

19 Jones, I don't even know -- for one thing, I

20 don't even know a Mrs. Jones and probably never

21 seen her before.

22             THE COURT:  Okay.

23             MR. DOYLE:  And this invisible

24 person coming forward that he so-called saying

25 that made the statement, in other words, if I,

1   could see something handwritten in her, that she
2   made some kind of report on me. I mean, because
3   basically, Mr. Merz, it seems like she would have
4   to make a report, or a written statement to the
5   officer against me before the officer could make
6   a move.

7           THE COURT: Well, that's not -- that
8   wouldn't be the law if it were a criminal charge,
9   a person who alleges that they are a victim of a
10  crime does not have to make a written report
11  before a criminal charge can be filed or a
12  warrant can be issued for your arrest. Those
13  kinds of complaints are made verbally all the
14  time. But I hear what you're saying. I
15  understand what your claim is.
16          MR. DOYLE: Does the Constitution
17  allow a person to face their accuser?
18          THE COURT: In a criminal case, yes.
19          MR. DOYLE: What about any other
20  case?
21          THE COURT: Not necessarily
22          MR. DOYLE: Give me an example.
23          THE COURT: Well, I, I just did.
24  You couldn't be convicted in a criminal case
25  without being given an opportunity to face your

18

1  accuser but you could be arrested.  And I guess

2  the question of whether you can be excluded from

3  a public library, based upon hearsay evidence, is

4  the question that this case presents.

5           MR. DOYLE:  I'm talking about being

6  found guilty.

7           THE COURT:  You haven't been found

8  guilty of anything, have you?

9           MR. DOYLE:  I've been barred from

10  the library for years.

11           THE COURT:  Well, that's not a

12  criminal conviction.  That's a, that's your being

13  barred from a public place.

14           MR. DOYLE:  Yes.

15           THE COURT:  The question is whether

16  that's --

17           MR. DOYLE:  On what grounds?  In

18  other words -- what grounds?

19           THE COURT:  On grounds of harassing

20  a patron.  That's the way I read it anyway.

21           MR. DOYLE:  If I haven't faced the

22  patron then, how do they know it was me?

23           THE COURT:  Well, because I guess --

24           MR. DOYLE:  Or if -- how does he

25  know it was me?  In other words, if I -- okay.

19

1        THE COURT:  I understand the

2    question you're raising.  ✱✖✖

3             Ms. Ross, does -- anything that you

4    want to add to the record at this point?  I think

5    we understand what, I understand pretty

6    completely what Mr. Doyle's claim is.

7             MS. ROSS:  Yes, a couple things,

8    your Honor.  First, I mentioned briefly in

9    connection with the county prosecutor's presence,

10   in 1990 -- excuse me, 2005 after being barred

11   from the library most recently, Mr. Doyle filed a

12   charge with the Ohio Civil Rights Commission

13   alleging race discrimination and also retaliation

14   because he had previously filed a charge with

15   OCRC when he had been banded before.

16             Anyway, the -- a couple months

17   later, the OCRC issued its decision dismissing

18   his charge, finding no evidence of race

19   discrimination or retaliation.  And as we've been

20   talking, even with Mr. Doyle's questions, about

21   the appeal hearing that he was granted it appears

22   that this complaint is focussed primarily upon

23   due process.  Clearly, Mr. Doyle was given due

24   process. ✱✖✖ He was given notice of the allegations

25   against him and given an opportunity to be heard.

        Not in Cart.

20

1   That's all that the Constitution requires in

2   administrative hearings which this doesn't even

3   rise to that level.

4            There is no constitutional right to

5   face your accuser, hearsay evidence is permitted

6   and so I think the, even assuming that Mr. Doyle

7   had a Constitutional Right or a property right or

8   a liberty interest, you know, in being present in

9   the library, I think that right was not taken

10  away from him without due process.

11           Also as you pointed out at the

12  beginning, your Honor, this notice barring Mr.

13  Doyle from the library was issued almost two

14  years ago.  The two-year period of bar is

15  going -- due to expire in March.  So the doctrine

16  of laches would suggest that there's no need for

17  a temporary restraining order at this time.

18           I am -- the Ohio Revised Code does

19  give the library and any public library the right

20  to set rules of conduct for its patrons.

21           THE COURT:  Do you have a reference

22  for me on that?

23           MS. ROSS:  Yes, I do, your Honor.

24  It is 3375.40H.  3375 is the general chapter

25  about public libraries under Ohio law.  And there

21

1    happens to have been some recent case law

2    concerning that subsection involving the Columbus

3    Metropolitan Library.  There's a Sixth Circuit

4    case and an Ohio Court of Appeals case involving

5    a patron who sued the Columbus library.

6                THE COURT:  Could you give Mr. Doyle

7    and me the citations on that.

8                MS. ROSS:  Yeah, I pulled those out

9    late yesterday.  The case name is Neinast,

10    N-E-I-N-A-S-T versus Board of Trustees of the

11    Columbus Metropolitan Library.

12                MR. DOYLE:  Say that again.

13                MS. ROSS:  N-E-I-N-A-S-T.

14                THE COURT:  Neinast.

15                MS. ROSS:  I happen to have some

16    vague recollection about it, your Honor, because

17    I read about it in the Columbus paper.  It

18    involves a barefoot patron.  And the library

19    enforced its rule concerning having to wear

20    shoes.

21                THE COURT:  Okay.

22                MS. ROSS:  It barred Mr. Neinast

23    from the library.  Unfortunately -- ah, here's my

24    citation.  The Sixth Circuit case is, it was

25    recommended for full text publication.  I'm not

22

```
 1   sure my copy here has the text.   It is Neinast
 2   versus Columbus Metropolitan Library.   I it was
 3   issued August 1st -- excuse me.   October 10th,
 4   2003.
 5                 THE COURT:   All right.
 6                 MS. ROSS:   And then --
 7                 MR. DOYLE:   The Case Number.
 8                 MS. ROSS:   Yes, it is 02-3482.
 9                 THE COURT:   That's in the Sixth
10   Circuit Court of Appeals.
11                 MS. ROSS:   Yes.
12                 THE COURT:   All right.
13                 MS. ROSS:   And then there is a
14   Franklin County Court of Appeals case that was
15   reported.
16                 THE COURT:   Same title?
17                 MS. ROSS:   Yes, 165 Ohio App 3d 211.
18                 MR. DOYLE:   Say that again.
19                 MS. ROSS:   165 Ohio App 3d 211.   I
20   can give you another Case Number too.   It's
21   2006-Ohio-287.
22                 THE COURT:   All right.
23                 MS. ROSS:   Those appear to be the,
24   certainly, the most recent cases and the main
25   cases that discuss the authority of the library
```

23

```
 1   to regulate the conduct of its patrons.
 2                THE COURT:  Okay.
 3                MS. ROSS:  Again, they go more on
 4   the issue of whether regulating the required --
 5   regulating shoes is within the library's
 6   authority, but they do touch on the authority of
 7   the library to have rules and to bar patrons who
 8   don't follow those rules.
 9                THE COURT:  All right.  I promised
10   that before we finished I would come back to the
11   question of process.
12                Mr. Doyle, when you sue somebody --
13                MR. DOYLE:  Wait a minute.
14                THE COURT:  Okay.
15                MR. DOYLE:  My question was still
16   not answered.  In other words, how do they know
17   that it was me?
18                THE COURT:  Well, the question --
19                MR. DOYLE:  I'm asking the attorney.
20                THE COURT:  I understand that.
21                MR. DOYLE:  Okay.
22                THE COURT:  She's already answered
23   that question to the extent that she knows.  That
24   is that there's a police officer and a security
25   guard who saw you on the premises, and Miss Jones
```

24

1    says it was you.  And that's all hearsay, and

2    that's all McConagha had to go on

3                MR. DOYLE:  That's hearsay.

4                THE COURT:  Yes, it is.  ✳✳✳

5                MR. DOYLE:  I'm asking Mrs. Ross,

6    Mrs. Ross, how does McConagha know that it was

7    me?

8                THE COURT:  She's already answered

9    that question.

10                MR. DOYLE:  I did not hear her

11   answer.              ✳✳✳✳✳

12                THE COURT:  She's answered it to my

13   satisfaction.  She knows it exactly the same way

14   you know it, which is McConagha's statement which

15   is that there was a police officer present, there

16   was a security officer present, and Miss Jones

17   identified you.  That's all she knows.

18                If she's got some private

19   conversation with McConagha, she is required, by

20   the law of attorney ethics, not to talk to you or

21   me about what McConagha has said to her other

22   than what's in this record.

23                I don't mean to cut you off, Ms.

24   Ross, if you've got additional anything you want

25   to say about that.

25

```
 1                MS. ROSS:  No, that's precisely
 2   correct, your Honor, thank you.
 3                THE COURT:  All right.  Let me come
 4   back to the question of process.  We've talked a
 5   lot during this discussion about due process.
 6                One of the things that is required
 7   by due process, Mr. Doyle, when you sue somebody
 8   in federal court, you have to serve them with a
 9   summons and a copy of the complaint.
10                And the summons is just essentially
11   an order from the Court that the defendant has to
12   answer it, has to file a formal answer with the
13   Court.
14                MR. DOYLE:  Yes, sir.
15                THE COURT:  Is any of this ringing a
16   bell?  Do you know anything about that?
17                MR. DOYLE:  You keep talking.
18                THE COURT:  Okay.  My question was:
19   Do you know anything about service of process?
20                MR. DOYLE:  I mailed a copy to the
21   defendant.
22                THE COURT:  See, that doesn't get
23   it.  Under, under the Federal Rules of Civil
24   Procedure, you have to have the clerk issue a
25   summons, a formal court document, and it has to
```

26

1  be served on them. There are a number of ways

2  that it can be legally be served on them. But

3  just sending a copy in the mail is not sufficient

4  under the rules.

5              You're in Springfield. You can, I

6  understand that these papers were filed in the

7  court in Columbus. Is that right?

8              MR. DOYLE: Yes, sir.

9              THE COURT: They got transferred to

10 Dayton because Clark County is within, if you

11 want to talk about, I guess we might call it the

12 catchment area of the Dayton location of court,

13 any cases filed against a defendant in Clark

14 County get handled in Dayton, so that's why it's

15 here in Dayton, but if you want to come to the

16 clerk's office in Dayton, they can provide you

17 with a summons form for you to fill out.

18             They can also provide you, we have a

19 kind of a guide on some of the procedural stuff

20 that we've written up for folks who are filing

21 their own cases and don't have a lawyer. They

22 could give you a copy of that.

23             On the other hand, if you like, I

24 can have the clerk mail that to you.

25             MR. DOYLE: Yes, sir.

```
                                                       27
 1              THE COURT: You'd like to have it
 2    mailed?
 3              MR. DOYLE: Yes, sir.
 4              THE COURT: We'll have that done
 5    yesterday.
 6              All right. I think I understand
 7    what the issues are on the temporary restraining
 8    order motion, and I will be preparing a report
 9    and recommendations to Judge Rose.
10              I will be sending Mr. Doyle the
11    summons forms and the forms, if he chooses to
12    proceed this way, to have the United States
13    marshal make the service, and the guide for pro
14    se litigants.
15              And I take it from your having
16    raised the question of process at the outset, Ms.
17    Ross, the library's not willing to waive service
18    of process in this case.
19              MS. ROSS: That's correct, your
20    Honor. At this point would you like me to enter
21    a notice of appearance?
22              THE COURT: I would appreciate that.
23              MS. ROSS: I was thinking about that
24    yesterday. I'll try to get that done today or
25    Monday so that you'll have that officially in the
```

28

```
 1   file.
 2                THE COURT:  All right.  And then I
 3   will also be sending out a formal suggestion of
 4   the possibility of consent.
 5                MR. ROSS:  Okay.
 6                THE COURT:  With a resume so that
 7   people -- both sides can take a look at that and
 8   see what you think.
 9                MS. ROSS:  Yeah.  I'll be glad to
10   revisit that issue, your Honor.
11                THE COURT:  All right.  Anything
12   else for the record?
13                MR. DOYLE:  If you haven't received
14   service yet, how can you sign on?
15                THE COURT:  Well, I notified, I
16   notified her so we could have this discussion,
17   Mr. Doyle.  I actually didn't notify her.  I
18   notified the library.
19                They know about it.  But they have
20   to be notified in a formal kind of way.  It's
21   kind of like you know who the witnesses against
22   you are, but you say:  Hey, all we've got from
23   them is hearsay.  It's just another formal
24   requirement.
25                MR. DOYLE:  When does the case
```

29

1    start?

2                    THE COURT:   The case starts when you

3    file it.

4                    MR. DOYLE:   Is it filed?

5                    MS. ROSS:   But it's not served.

6                    THE COURT:   But not served.   That's

7    the next step.   You might want to get a hold of a

8    copy of the Federal Rules of Civil --

9                    MR. DOYLE:   How many days do I have

10   to serve it?

11                   THE COURT:   A hundred and 20.   But

12   until you make service this court can't make any

13   order against the defendant.

14                   MR. DOYLE:   Can anything else go on

15   in this case?

16                   THE COURT:   Well, yeah, we've just

17   had this temporary restraining order hearing.

18   Again, that's the -- because you -- when a

19   person --

20                   MR. DOYLE:   I was talking about the

21   case itself.

22                   THE COURT:   Beyond the temporary

23   restraining order hearing and the report that I

24   write and any objections that either party might

25   have to that, no, there can't be any discovery in

30

1   the case.

2                   Really the first step has to be

3   service of process.  The only reason why we've

4   done this little hearing is because, you know,

5   when a person, particularly a person who's

6   proceeding without a lawyer, files a motion for

7   emergency relief, the Court tries to, tries to

8   hold a hearing on that as quickly as possible.

9                   Anything else for the record?

10                  MR. DOYLE:  As soon as you mail that

11  to me, I will get it to him.

12                  THE COURT:  Excellent.  All right.

13  I'll get those out yet today.

14                  MS. ROSS:  Thank you very much, your

15  Honor.

16                  THE COURT:  Thanks very much.

17                  (Proceedings concluded.)

18                      -  -  -

19

20

21

22

23

24

25

31

1

2                    C-E-R-T-I-F-I-C-A-T-E

3                I, Debra Lynn Futrell, Notary Public

4    in and for the State of Ohio at large,

5                    Do Hereby Certify that the foregoing

6    pages are a true and correct transcription of the

7    CD taken of the proceedings held in the

8    afore-captioned matter before the Honorable

9    Michael R. Merz, Chief Magistrate Judge, to the

10   best of my ability to hear and discern speakers

11   over the CD.

12

13

14            S/Debra Lynn Futrell

15            Debra Lynn Futrell, RMR-CRR
              Notary Public, State of Ohio
16            My Commission Expires 12-27-08

17

18

19

20

21

22

23

24

25

*IN THE UNITED STATES DISTRICT COURT*

*SERVICE*

*I HERBY CERTIFY THAT A TRUE COPy OF THE foregoing MOTION
WAS SERVED UPON Lauren M. Ross. P.O. Box 1488 Springfield, Ohio
45501-148  this 27 day of feburary 2007.*

*Wayne Doyle*