IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

      Plaintiff,            :        Case No. 3:07-cv-003

                                     District Judge Thomas M. Rose
  -vs-                             Chief Magistrate Judge Michael R. Merz

                             :

CLARK COUNTY PUBLIC LIBRARY,
  et al.,

      Defendants.

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S THIRD MOTION FOR TEMPORARY RESTRAINING ORDER

This case is before the Court on Plaintiff's third Motion for Temporary Restraining Order (Doc. No. 30).

Plaintiff does not cite any new action against him by the Defendants and merely seeks the same relief he sought on his prior Motions for Temporary Restraining Order, so the Magistrate Judge will treat the instant Motion as one for reconsideration.

Plaintiff emphasizes a point already recognized by the Court: Defendant McConagha acted only on hearsay evidence in barring Plaintiff from the Clark County Library. At the time of the hearing before Mr. McConagha, the only persons present were Mr. Doyle and his attorney; the accuser, Angela Jones, was not present.

Mr. Doyle believes, quite correctly, that a person cannot be convicted of a crime in the United States on the basis of evidence such as the evidence Mr. McConagha considered. The Sixth Amendment to the United States Constitution provides in pertinent part "In all criminal prosecutions the accused shall enjoy the right . . . to be confronted with the witnesses against him." In practice,

this means that a person can be convicted of a crime on hearsay evidence only in very limited circumstances; the exceptions would not apply if this had been a criminal prosecution. See *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004); . *Davis v. Washington*, 547 U.S. ___, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006).

The difficulty with Mr. Doyle's position is that he was not convicted of a crime, nor did Mr. McConagha impose on him a criminal sanction. The two criminal sanctions recognized at law in the United States are imprisonment, and fine[1]. Being barred from a public library is not a criminal punishment, nor does the director of a public library in Ohio have the power to impose any criminal sanctions. The Confrontation Clause simply does not apply to an administrative decision by a public library to bar a patron. Indeed, public officials other than judges are usually not barred from acting on hearsay evidence.

Plaintiff's third Motion for Temporary Restraining Order should therefore be denied.

March 1, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate

---

[1] Execution is also a constitutionally permitted penalty for a narrow range of aggravated murders. *Gregg v. Georgia*, 428 U.S. 153, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976).

Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).