

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WAYNE DOYLE

       Plaintiff,                  Case No. 3:07-cv-003

    -vs-                          District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

CLARK COUNTY LIBRARY,
Et al.,

       **Defendants.**

---

**OBJECTION TO ALL OF JUDGE ROSE ORDERS FOR THE COURT'S RECORDS DO NOT REFLECT THE RECORD WHICH HAS BEEN FILED WITH THE CLERK.**

---

Doyle v. McConagha et al         RECONSIDERATION TO AMEND COMPLAINT         Doc. 36

**RECONSIDERATION CONCERNING EXPLANATION OF COURTS DECISIONS**

**RECONSIDERATION
IN SUPPORT OF THE FOREGOING**

DEFENDANTS HAVE NOT RESPONDED TO PLAINTIFF'S COMPLAINT THEREFORE PLAINTIFF IS ASKING THIS COURT TO AMEND THE COMPLAINT.

**Judge Rose said Plaintiff Doyle did not timly file objections.
Judge Merz said : Plaintiff relies on his version of what happened during the temmporary restraining order hearing.see attached objection.**

.On January 5, 2007 during a telephone conference between the Wayne Doyle and the Clark County library, Chief Magistrate Judge Michael R. Merz said :

1. "**We** don't have a witness statement.
2. "**The** only evidence we have is that McConagha said it was made,
3. "**He's** not a witness of what happened in the library.
4. "**She** understands thaat and I do to.
5. " **There** was never any tape recording.

### IN SUPPORT OF THE FOREGOING

_Attached you will find the (COURT'S) transcription of the 1/5/07 telephone conference between Wayne Doyle the. Clark County Library and Judge Merz.. Finding of facts and Conclusions of law are requested for all of the questions asked and answered by this court .

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION AT DAYTON

Special attention should be given to the following question's and answer's

-Mr. Doyle: So do we go on Mr McConagha statement or the witness statement?

-The COURT: We don't have a witness statement so I guess what I'm hearing you say is that somehow it was a violation of your due process rights for the library to exclude you on the basis of a statement that only the director witnessed? Is that what you are saying?

-MR DOYLE: Let me ask you, Mr. Merz, is that the law?

-THE COURT: I don't know yet. I haven't had a chance to do any research in this particular area because I wanted to get this conference going as quickly as possible, to

find out what the positions of the parties were and then ---and then do the research once I had a second or two to do that..

-MR DOYLE: Can Mc Conagha be a witness?

-THE COURT: To what?

-MR DOYLE: Of what happened in the library.

-THE COURT: No he is not a witness of what happened in the library. As far as I know, It's—there isn't any other witness besides Angie Jones.

-THE COURT: She---knowing, sometimes lawyers, lawyers will use the word "knowing" really to mean: Did I see it or did I hear it. She was'nt there, so she doesn't know in that sense, same as me. But her understanding is that Mr. Mc Conagha is telling the truth in this letter and, according to what you've told us, that's accurate, that you and your lawyer and McConagha were the only persons who were there.

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION AT DAYTON

-MR DOYLE: So what evidence was presented at the hearing?

-MR DOYLE: Is, is, is that legal evidence for a security officer to supposedly take a person's, you know, accusations on another person?

-THE COURT: That's what we have to decide.

-THE COURT: But of course the whole question that this case seems to raise, is shether Mr McConagha, or whether any public lbrary has to follow rules of evidence such as are applicabe in criminal court.

-MR DOYLE: Could that just be hearsay evidence?

-THE COURT: It is hearsay.

-MR DOYLE: Does the Constitution allow a person to face their accusser?

-THE COURT: In a criminal case, yes.

-MR DOYLE: What about any other case?

-THE COURT: Not necessarily.

-THE COURT: On grounds of harrassing a patron. That's the way I read it anyway

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION AT DAYTON**

_DOYLE: If I haven't faced the patron then, how do they know it was me?

-THE COURT: Well, because I guess—

_MR DOYLE: My question was still not answered. In other words, how do they know that it was me?

-THE COURT: She's already answered that question to the extent that she knows. That is that there's a police offficer and a security guard who saw you on the premises . and Miss Jones says it was you. And that's all hearsau. And that's all Mc Conagha had to go on.

_MR DOYLE: That's hearsay.

_THE COURT: Yes, it is.

## RELIEF SOUGHT

**Rule 12.e Motion for more Definite Statement.**

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably ge required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out defects complained of and the details desired.
**FINDING OF FACT AND CONCLUSIONS OF LAW CONCERNING ALL OF THE QUESTIONS ASKED AND ANSWERED BY THIS COURT DURING THE 1/5/2007 TRO TELEPHONE CONFERENCE**

XSW4

WAYNE DOYLE
*Wayne Doyle*
202 Southern Avenue
Springfield, Ohio 45506

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO EASTERN DIVISION

SERVICE

Mailed to John McConagha this 13th day of March 2007, via U.S mail, postage paid.

John McConagha
201 Fountain Avenue
Springfield, Ohio 45506

Wayne Doyle
202 Southern Avenue
Springfield, Ohio 45506

_____
*Wayne Doyle*