(5)

October 23, 2006

John McConagha, Director
Clark County Public Library
201 Fountain Avenue
Springfield, Ohio 45506

## Re: PUBLIC RECORDS REQUEST

**Wayne Doyle v. Clark County Library**

This is a public information request for a copy of any and all reports,
documents, recordings in your care,

These materials should include but not limited to: (1) Angie Jones March 20,
2005 written detailed statement.

(2) Angie Jones recorded statement taken by John McConagha on or about
March 20, 2006.

I would appreciate your prompt and immediate response to this request.

_____

Wayne Doyle
202 Southern Avenue
Springfield, Ohio 45506

10/31/06

① THERE IS NO WRITTEN STATEMENT
FROM ANGIE JONES

② ANGIE JONES RECORDED STATEMENT
FROM 3/21/05 IS ENCLOSED.
_John McConagh_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

        Plaintiff,          :      Case No. 3:07-cv-003

                             District Judge Thomas M. Rose

    -vs-                    Chief Magistrate Judge Michael R. Merz

                       :

CLARK COUNTY PUBLIC LIBRARY,
et al.,

        Defendants.

---

## REPORT AND RECOMMENDATIONS; ORDER SETTING DATE FOR PRELIMINARY INJUNCTION HEARING

---

        This case is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. No. 2). Finding no good cause to issue a temporary restraining order ex parte, the Court notified the Defendant of the pendency of the case and convened a telephone conference on the Motion on Friday, January 5, 2007. Plaintiff Wayne Doyle, who is proceeding *pro se*, participated on his own behalf; Defendants were represented by attorney Lauren Ross. The Clerk will enter Ms. Ross' formal appearance as counsel for Defendants.

        From the pleadings it appears that Plaintiff was barred from all locations of the Clark County Public Library by a letter issued by Defendant John McConagha on or about March 21, 2005. Plaintiff appealed and was granted a hearing, but Mr. McConagha continued the bar in effect for two years, or until March 21, 2007. This case and the instant Motion were filed January 3, 2007.

        The purpose of a temporary restraining order is to prevent irreparable injury which would likely occur between the time a case is filed and the case can be heard on motion for preliminary injunction. *First Technology Safety Sys., Inc., v. Depinet,* 11 F.3d 641 (6th Cir. 1993). Plaintiff in

1

his papers and orally during the hearing raises important questions regarding access by the public to public libraries and the quality of due process which must be afforded to patrons when the library proposes to revoke or suspend that access. However, Plaintiff has not proven that he will be irreparably injured by having the bar remain in place for the short time necessary to schedule this matter for preliminary injunction hearing. The bar has now been in effect for almost twenty-two months and nothing of which the Court is aware prevented Plaintiff from bringing this case earlier. Plaintiff has not attempted to show, either in his papers or during the hearing, that he has no access to competitive sources of information. Without denigrating the value or convenience of the services of the Clark County Public Library or knowing Plaintiff's particular circumstances, the Court notes that such sources as the Internet, commercial bookstores, or other public library systems would typically be available to persons in Plaintiff's situation. Again, the Court does not know Plaintiff's particular circumstances – how easy it may or may not be for him to travel to other locations or to afford the services they offer. But the burden of proving irreparable injury is on a plaintiff who seeks a temporary restraining order, and Plaintiff has not proved that he has no access to other sources of information and/or that that need is so immediate that it cannot wait until a preliminary injunction hearing, given that Plaintiff has waited almost two years to seek relief.

Accordingly, it is respectfully recommended that the Motion for Temporary Restraining Order be denied without prejudice to a possible preliminary injunction. This case is hereby set for preliminary injunction hearing in Courtroom No. 4 on January 22, 2007, at 9:30 a.m. If that time and date is impossible for either party, that party shall consult with the opposing party about a possible time and contact the Court's judicial assistant, DeAnna Perry, to re-set the matter.

January 8, 2007.

s/ Michael R. Merz<br>
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

2007 JAN 12 P 3 44

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST

Wayne Doyle
202 Southern Avenue
Springfield, Ohio 45506

Civil case no 3:07-CIV 0003

Judge

Magistrate

    Plaintiff,

Jury Demand

v.

John McConagha and
Clark County Library et,al
Springfield, Ohio 45506

    Defendants.

## OBJECTION TO THE MAGISTRATES RECOMMENDATIONS AND

### PLAINTIFF'S RENEWED MOTION FOR A "EMERGENCY" RESTRAINING ORDER

On January 5, 2007, Chief Magistrate Judge Michael R. Merz recommended
that the Motion for Temporary Restraining Order be denied without stating
the reason why a citizen continues to be barred from a public library.

### IN SUPPORT OF THE FOREGOING

On January 5, 2007, Questions on the record were asked and answered of
the defendants attorney and the Judge surrounding Wayne Doyle's
unconstitutional ban from a public library. The following record of facts will
speak for the truth,

IN THE UNITED STATES DISTRICT COURT

*Wayne Doyle*

FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


October 23,2006, Public records request:  This is a public information request for a copy of any and all reports,documents,recordings in your care. There materials should include but not be limited to:

(1) Angie  Jones March 20,2005 written detailed statement.

(2) Angie Jones recorded statement taken by John McConagha on or about March 20, 2005.


October 31,2006, Defendants answer:

   (1) There is **no written statement** from Angie Jones.

    (2) Angie Jones **recorded statement** from 3/21/05 is inclosed. John McConagha,


November 6,2006, Public records request: Angie Jones tape recorded statement taken by John McConagha on March 20,2005.


November 16, 2006, Defendants answer:

 (1) **We do not have a recorded statement from Angie Jones.**


November 16,2006,  Public records request: (1) A copy of the disorderly conduct  charges  brought  against Wayne Doyle as defined under ORC 2917.11 in the Library Code of Conduct which states:

   (1)  Patrons shall not engage in conduct which states: Patrons shall jot engage in conduct which interferes with library use including but not limited to, impeding access to library property; fighting; using  abusive  menacing,  insulting,  obscene , or profane language; and verbal and or physical propositions or threat

   (2)  A copy of any criminal charges filed against Wayne Doyle by the Clark County Library for harassing Angie Jones.


   (1)  DEFENDANTS ANSWER: **NO CHARGES FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


### *JANUARY 5, 2007 TELEPHONE CONFERENCE*

*Attorney Ross:* **THERE HAS NEVER BEEN A TAPE RECORDING.**

*Wayne Doyle:* **I DON'T KNOW A MRS JONES PROBABLY NEVER SEEN HER BEFORE.**

*Judge Merz:* **THE ONLY EVIDENCE WE HAVE IS THAT MC CONAGHA SAID IT WAS MADE.**

*Wayne Doyle:* **SO DO WE GO ON  MC  CONAGHA STATEMENT OR THE WITNESS STATEMENT?**

*Judge Merz:* **WE DON'T HAVE A WITNESS STATEMENT.**

*Wayne Doyle:* **CAN  MC  CONAGHA BE A WITNESS?**

*Judge Merz:* **NO...HE'S NOT A WITNESS OF WHAT HAPPENED IN THE LIBRARY.**

*Wayne Doyle:* **DOES SHE UNDERSTAND THAT THERE WAS NO ONE ELSE IN THE MEETING OR IN THE HEARING EXCEPT ME AND ATTORNEY ?**

*Judge Merz:* **SHE UNDERSTANDS THAT, AND I DO TO.**

*Judge Merz: AS FAR AS I KNOW **THEIR ISNT ANY OTHER WITNESS EXCEPT Angie Jones.***

*Wayne Doyle: DOES THE CONSTITUTION ALLOW A PERSON TO FACE THE ACUSOR?*

*Judge Merz: IN A CRIMINAL CASE.*

*Judge Merz: BARRED FROM A PUBLIC PLACE ON GROUNDS OF HARRASSING A PATRON.*

*Wayne Doyle: **HOW DO THEY KNOW IT WAS ME?***

*Judge Merz: LAWYER CAN YOU ANSWER THAT ?*

***ATTORNEY ROSS NEVER ANSWERED THE QUESTION.***

*MY QUESTION TO THIS COURT IS: IF NO ONE HAS COME FORWARD ON THE RECORD TO IDENTIFY ME AS THE MAN WHO HARRASSED ANGIE JONES AND FOLLOWED HER AROUND, HOW CAN THE LIBRARY OR THE COURT CONTINUE TO KEEP ME BARRED OUT OF THE LIBRARY FOR ONE MORE DAY WITHOUT PROOF THAT IT WAS ME WHO HARRASSED ANGIE JONES? THE PUBLIC RECORD'S REQUEST SPEAK FOR IT SELF.*

*Note: Angie Jones has not come forward to accuse Wayne Doyle.*

*There was no written ,recorded ,statement identifying me as the one who harassed Angie Jones.*

### *IRREPARABLE HARM*

*By allowing the Clark County Library to continue to bar Wayne Doyle from entering into the library will show the world that basic human rights For the Blackman ,Whiteman,Brownman,Yellowman is worth nothing if a Unfair Blackman, Whiteman,Brownman,Yellowman is in the position to be a Judge for MANKIND. This kind of humanbeing is acting out his own discriminations.*

*Judge for mankind*

*JUDGE MERZ DID NOT CONDUCT A FAIR NOR IMPARTIAL CONCERENCE.*

*WHEREVER I ASKED THE DEFENDANTS ATTORNEY A QUESTION THE JUDGE WOULD ANSWER FOR THEM.*

*DURING THE ENTIRE CONFERENCE THE ATTORNEY ANSWERED MAYBE THREE TIMES THE QUESTION I ASKED OF THEM.*

*JUDGE MERZ ANSWERED AT LEAST TWENTY TIMES FOR THE DEFENDANTS.*

*I WOULD LIKE TO ASK THIS COURT WHICH OF THE FOLLOWING IS BEING ADMINISTERED IN THIS CASE:*

*(1) EQUAL PROTECTION UNDER THE LAW*
*(2) CIVIL RIGHTS FOR ALL*
*(3) ?*


**PLAINTIFF WAYNE DOYLE MOTIONS THIS COURT FOR A IMMEDIATE RESTRAINING ORDER TO PROTECT HIS CONSTITUTIONAL RIGHTS.**

1/12/2007

I Wayne Doyle have no access
to competitive sources of
imformation, Nor do I have
transportation to go out of town
to another Library.
I do not have computer or
Internet access,
Nor do I have money to go to a
Commercial book Store.
the Clark County Public Library
is my only access to reading
material, I have become
accustom to In order to
develope myself.

Sign Wayne Doyle

ROBERT C. HENRY
Notary Public, State of Ohio
Sept 19, 2011

XSW4

**WAYNE DOYLE**

*Wayne Doyle*

202 Southern Avenue
Springfield, Ohio 45506

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

## SERVICE

Mailed to John McConagha this ⬤ day of January 2007, via U.S mail , postage paid.  11ᵗʰ

John McConagha
201 Fountain Avenue
Springfield, Ohio 45506

**Wayne Doyle**
202 Southern Avenue
Springfield, Ohio 45506

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

        Plaintiff,         :        Case No. 3:07-cv-003

                              District Judge Thomas M. Rose

    -vs-                       Chief Magistrate Judge Michael R. Merz

                    :

CLARK COUNTY PUBLIC LIBRARY,
  et al.,

        Defendants.

---

## REPORT AND RECOMMENDATIONS ON PRELIMINARY INJUNCTION

---

      This case was set for hearing on Plaintiff's request for preliminary injunctive relief at 9:30

A.M. on Monday, January 22, 2007. Notice of the hearing had been given to the parties in writing

as part of the Report and Recommendations (Doc. No. 5). Defendant John McConagha was present

in person and he and the Clark County Public Library were represented by attorney Lauren Ross,

their trial attorney in this case. Plaintiff, however, did not appear, despite having been advised by

the Court's staff on Friday, January 19, 2007, that the hearing was still scheduled and that he was

required to appear.

      The burden of proving entitlement to preliminary injunctive relief is, of course, on the party

seeking that relief. Because Plaintiff failed to proceed as scheduled, there is no more evidence

before the Court supporting preliminary injunctive relief now than there was when the motion for

temporary restraining order was heard. On the same basis as given for that request, the Magistrate

Judge respectfully recommends that preliminary injunctive relief be denied.

January 22, 2007.

s/ Michael R. Merz<br>
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

        Plaintiff,          :        Case No. 3:07-cv-003

                                       District Judge Thomas M. Rose

        -vs-                   Chief Magistrate Judge Michael R. Merz

                           :

CLARK COUNTY PUBLIC LIBRARY,
    et al.,

        Defendants.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

      This case is before the Court on Plaintiff's Objections and Renewed Motion for an "Emergency"Temporary Restraining Order (Doc. No. 9). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

      In his Objections, Plaintiff argues that the original Report recommends denying a temporary restraining order "without stating the reason why a citizen continues to be barred from a public library." In order to obtain a temporary restraining order, a plaintiff must prove not only that he is being denied a right, but that the court must act immediately to maintain the status quo even without a formal hearing where evidence is taken on a motion for preliminary injunction. Plaintiff delayed nearly twenty-two months from the time he was barred from the library to bring his case. In contrast, this Court held the initial hearing on his Motion for Temporary Restraining Order within two days of its filing, before he had even obtained service of process on the library. Even though he raises very important questions about citizen access to public libraries, he simply has not proven

why he needs relief before the preliminary injunction hearing which is set for January 22, 2007.

In his Objections, Plaintiff relies on his version of what happened during the temporary restraining order hearing. In the Notice Regarding Objections appended to the Report and Recommendations, the Court informed the parties that

> If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

(Report and Recommendations, Doc. No. 5, at 3.) Plaintiff has made no request for transcription of the hearing. The official record of proceedings is what was recorded by the Court, not what Plaintiff remembers of the proceedings.

It is therefore again respectfully recommended that the Motion for Temporary Restraining Order be denied, pending a hearing on the preliminary injunction motion.

January 16, 2007.

s/ Michael R. Merz
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

        Plaintiff,             :         Case No. 3:07-cv-003

                                       District Judge Thomas M. Rose

     -vs-                             Chief Magistrate Judge Michael R. Merz

                           :

CLARK COUNTY PUBLIC LIBRARY,
et al.,

        Defendants.

---

## REPORT AND RECOMMENDATIONS; ORDER SETTING DATE FOR
## PRELIMINARY INJUNCTION HEARING

---

This case is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. No. 2). Finding no good cause to issue a temporary restraining order ex parte, the Court notified the Defendant of the pendency of the case and convened a telephone conference on the Motion on Friday, January 5, 2007. Plaintiff Wayne Doyle, who is proceeding *pro se*, participated on his own behalf; Defendants were represented by attorney Lauren Ross. The Clerk will enter Ms. Ross' formal appearance as counsel for Defendants.

From the pleadings it appears that Plaintiff was barred from all locations of the Clark County Public Library by a letter issued by Defendant John McConagha on or about March 21, 2005. Plaintiff appealed and was granted a hearing, but Mr. McConagha continued the bar in effect for two years, or until March 21, 2007. This case and the instant Motion were filed January 3, 2007.

The purpose of a temporary restraining order is to prevent irreparable injury which would likely occur between the time a case is filed and the case can be heard on motion for preliminary injunction. *First Technology Safety Sys., Inc., v. Depinet*, 11 F.3d 641 (6th Cir. 1993). Plaintiff in

1

his papers and orally during the hearing raises important questions regarding access by the public to public libraries and the quality of due process which must be afforded to patrons when the library proposes to revoke or suspend that access. However, Plaintiff has not proven that he will be irreparably injured by having the bar remain in place for the short time necessary to schedule this matter for preliminary injunction hearing. The bar has now been in effect for almost twenty-two months and nothing of which the Court is aware prevented Plaintiff from bringing this case earlier. Plaintiff has not attempted to show, either in his papers or during the hearing, that he has no access to competitive sources of information. Without denigrating the value or convenience of the services of the Clark County Public Library or knowing Plaintiff's particular circumstances, the Court notes that such sources as the Internet, commercial bookstores, or other public library systems would typically be available to persons in Plaintiff's situation. Again, the Court does not know Plaintiff's particular circumstances – how easy it may or may not be for him to travel to other locations or to afford the services they offer. But the burden of proving irreparable injury is on a plaintiff who seeks a temporary restraining order, and Plaintiff has not proved that he has no access to other sources of information and/or that that need is so immediate that it cannot wait until a preliminary injunction hearing, given that Plaintiff has waited almost two years to seek relief.

Accordingly, it is respectfully recommended that the Motion for Temporary Restraining Order be denied without prejudice to a possible preliminary injunction. This case is hereby set for preliminary injunction hearing in Courtroom No. 4 on January 22, 2007, at 9:30 a.m. If that time and date is impossible for either party, that party shall consult with the opposing party about a possible time and contact the Court's judicial assistant, DeAnna Perry, to re-set the matter.
January 8, 2007.

> s/ Michael R. Merz
> Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

2

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT
### EASTERN DIVISION

**Wayne Doyle**
**202 Southern Avenue**
**Springfield, Ohio 45506**

    **Plaintiff,**

v.

**John McConagha and**
**Clark County Library et,al**
**201 Fountain Avenue**
**Springfield, Ohio 45506**

    **Defendants.**

Civil Case No. CV **0 0 0 3**
**Judge**
**Magistrate**

**Jury Demand**

### MOTION OF PLAINTIFF FOR TEMPORARY RESTRAINING ORDER

    *Now comes Plaintiff Wayne Doyle pursuant to Fed.R.Civ.P65, to*

*Respectfully move this Court for immediate issuance of a restraining order*

*Barring defendants from prohibiting him from use or be in or on the*

*Grounds of any Clark County Library unless or until he exhibits*

*Behaviour which violative of R.C. 3917.12.*

    **WAYNE DOYLE**



_____

1

# INCIDENT REPORT

Branch: Dayton
Date of Incident: 3/18/05
Time of Incident: 2:00 pm

| 1. Client | Address | Post |
|---|---|---|
| Clark County Library | 201 South Fonts... Ave. Sld | |

2. Police / Fire Department Notified: ☐ Yes ☐ No    Time:    Officer's Name:    RPT#/Badge #

3. Securitas Office Notified: ☐ Yes ☐ No    Time:    Name:    Title:

4. Client Notified: ☑ Yes ☐ No    Time:    Name: John McConcgha    Title: Director

5. Persons Involved/Witnesses (insert category of relationship letter opposite name in *column)   A. Employee   B. Client Employee   C. Other

| * | Name / Position Title | Phone Number | Organization Name and Address |
|---|---|---|---|
| | Angie ~~Jane~~ Jones | 937-520-6774 | Patron |
| | | | |
| | | | |

6. Description of Property / Equipment ( example: Brand, Model, License or Serial #, Color, Year )

None

7. Description of Incident / Injury (WHO, WHAT, WHERE, WHY, and HOW. Include all information in detail and attach statement if required.)

~~Angie Jones~~ Jones told me Jeff Smith, Security Officer that Wayne Doyle was harrassing her on the Date of March 18th 2005. She gave me her name and number on March 20th 2005 with a full detailed complaint of the incident.

Angie said he was following her around the Library, and Starring at her, making her feel uncomfortable. This was not the first time he has followed her around. Angie told me that she has seen Wayne in the Back Section of the Library, messing around with young females, and comping around with them. Angie was very concerned about the well being of the young girls. On March 21st 2005 12:50pm John Dempsey Security Officer gave Wayne Doyle the letter that the Director told him to give to Wayne Doyle. See Attached Sheet

| Officer Name: Jeffrey S. Smith | Signature: Jeffrey S. Smith | Date & Time of Report 3/21/05 |

COPY     © 2003 Securitas Security Services USA

FACE The Accuser

John Dempsey told Wayne Doyle that he was to leave the property, to read the letter, and that he was trespassing, but he did not leave the property. He asked to see the Director. I, John Dempsey escorted him, to the Directors Office. The Director John McConagha informe him, he was trespassing, and was to leave now, or the Police would be called immediat Wayne Doyle said OK, and left.



**C L A R K
C O U N T Y
P U B L I C
L I B R A R Y**

The Information Place.



**MAIN LIBRARY**
201 SOUTH FOUNTAIN AVE
PO BOX 1080
SPRINGFIELD OHIO
45501-1080
937 323-9751
FAX: 937 328-6908
www.ccpl.lib.oh.us

**HOUSTON BRANCH**
5 W JAMESTOWN ST
BOX 127
SOUTH CHARLESTON OHIO
45368
937 462-8047

**INDIAN MOUND
BRANCH**
45 INDIAN DR
ENON OHIO
45323
937 864-2502

**PARK CENTER BRANCH**
119 BECHTLE AVE
SPRINGFIELD OHIO
45504
937 322-2498

**SOUTHERN VILLAGE
BRANCH**
1123 SUNSET AVE
SPRINGFIELD OHIO
45505
937 322-2226

March 21, 2005

Mr. Wayne Doyle

Dear Mr. Doyle:

Because you have violated the Clark County Public Library's
Code of Conduct by staring, following a library user about the library,
and harassing a library user, you are banned effective March 21, 2005
until March 21, 2007 from all library facilities. The complaint against
you was made to one of our security officers at the Main Library on
Friday, March 18, 2005 by a female African-American library user.
I confirmed the complaint by phone today.

Under the ban you are not permitted to use or be in or on the
grounds of any Clark County Public Library facility. If you are on the
property of any Clark County Public Library facility during the ban time
period, you will be arrested for trespassing.

You may appeal this decision in writing to me within 30 days of
your receipt of this letter. Your appeal may include your version of events
on March 18, 2005.

Sincerely,

John McConagha
Library Director

2nd hand
information



**CLARK COUNTY PUBLIC LIBRARY**

The Information Place.

April 25, 2005

③

**MAIN LIBRARY**
201 SOUTH FOUNTAIN AVE
PO BOX 1080
SPRINGFIELD OHIO
45501-1080
937 323-9751
FAX: 937 328-6908
www.ccpl.lib.oh.us

**HOUSTON BRANCH**
5 W JAMESTOWN ST
BOX 127
SOUTH CHARLESTON OHIO
45368
937 462-8047

**INDIAN MOUND BRANCH**
45 INDIAN DR
ENON OHIO
45323
937 864-2502

**PARK CENTER BRANCH**
1119 BECHTLE AVE
SPRINGFIELD OHIO
45504
937 322-2498

**SOUTHERN VILLAGE BRANCH**
1123 SUNSET AVE
SPRINGFIELD OHIO
45505
937 322-2226

Mr. Edwin A. Grinvalds, Esq.
12 West Main Street
Springfield, Ohio 45502

Re: Wayne Doyle Appeal Decision

Dear Mr. Grinvalds:

This appeal came before me, the Clark County Public Library ("CCPL") Director, on Friday, April 15, to determine whether Mr. Wayne Doyle should be suspended from the library for violating the Library's Code of Conduct.

CCPL's Code of Conduct states that "Patrons shall respect the rights of others and shall not harass or annoy others by acts including, but not limited to: staring, following another person about the building, or behaving in a manner which reasonably can be expected to disturb others." A library patron ("Complainant") reported that Mr. Doyle was harassing her by staring and following her around the library. This behavior is in violation of CCPL's Code of Conduct.

In making my decision, I have considered the report of the security guard, my phone call to the Complainant, the affidavit of Stephanie Southers as well as Mr. Doyle's statement given at the appeal hearing. I found the Complainant's version of what happened and the security guard's report to be credible. The Complainant's statement that she made to me was consistent with what she reported to the Officer. I did not find Mr. Doyle's version of what happened on March 18, 2005 credible.

At the hearing, Mr. Doyle was given an opportunity to tell his side of the story. He denied that he followed the Complainant around the library, and was staring at anyone. Mr. Doyle did however acknowledge that he frequently sits in the Teen Room. Although he denies the Complainant's report of what happened, Mr. Doyle was not able to offer an explanation of why the Complainant would fabricate such a story.



**CLARK COUNTY PUBLIC LIBRARY**

The Information Place.

---

**MAIN LIBRARY**
201 SOUTH FOUNTAIN AVE
PO BOX 1080
SPRINGFIELD OHIO
45501-1080
937 323-9751
FAX: 937 328-6908
www.ccpl.lib.oh.us

**HOUSTON BRANCH**
5 W JAMESTOWN ST
BOX 127
SOUTH CHARLESTON OHIO
45368
937 462-8047

**INDIAN MOUND BRANCH**
45 INDIAN DR
ENON OHIO
45323
937 864-2502

**PARK CENTER BRANCH**
1119 BECHTLE AVE
SPRINGFIELD OHIO
45504
937 322-2498

**SOUTHERN VILLAGE BRANCH**
1123 SUNSET AVE
SPRINGFIELD OHIO
45505
937 322-2226

Page 2

Re: Wayne Doyle Appeal Decision (continued)

Therefore, I will reinstate the suspension effective immediately until March 21, 2007, from all library facilities. As detailed in my letter sent to Mr. Doyle on March 21, 2005, Mr. Doyle is not permitted to use, be in, or on the grounds of any Clark County Public Library facility. If Mr. Doyle is found on the grounds of the Clark County Public Library, he will be arrested for trespassing.

Sincerely,

John McConagha
Library Director

cc: Wayne Doyle
    Johnny Pryor, Esq.



the second conviction

4.25.05
WAYNE Doyles
STATEMENT given
To John McConaghz ④

- several occasions
- from out of Town
- occasionally uses CCPL

UN verfied
Hear — say

March 30, 2005

Notes from John McConagha's phone call to complainant regarding March 18, 2005 incident:

John McConagha, Library Director, called the complainant on March 21, 2005, regarding harassment by Wayne Doyle. The complainant, an African-American female adult, informed me that Mr. Doyle had been staring at her and following her on several occasions. When asked for a specific date/time, she indicated that one instance was in the afternoon on Friday March 18, 2005. The complainant said that she was from out of town and only occasionally uses CCPL, but was in the library to do some research. She further indicated that she observed Mr. Doyle staring at and following teenagers and younger children. The complainant said that Mr. Doyle situated himself in the Teen Room at the Main Library in such a way as to be able to stare at teenage children in the Teen Room and to stare at young children in the adjacent Children's Room. She observed the same behavior from Mr. Doyle toward herself and others on Saturday, March 19 as well. She filed a complaint with the library security officer on Sunday, March 20.

a Statement From Wayne Doyle
I allso have witnesses From security
StaFF Name John Dempsey, on the
second page oF the incident Report,
that there were No teens or Children
in the teen area at No time, when
I was useing the area aLone to
read certain Book that were in
that area.
Other adults use the same area without CCL

⑤

October 23, 2006


John McConagha, Director
Clark County Public Library
201 Fountain Avenue
Springfield, Ohio 45506


### Re: PUBLIC RECORDS REQUEST

**Wayne Doyle v. Clark County Library**


This is a public information request for a copy of any and all reports, documents, recordings in your care.

These materials should include but not limited to: (1) Angie Jones March 20, 2006 written detailed statement.

(2) Angie Jones recorded statement taken by John McConagha on or about March 20, 2006.

I would appreciate your prompt and immediate response to this request.

_____        _____

Wayne Doyle
202 Southern Avenue
Springfield, Ohio 45506

10/31/06

① THERE IS NO WRITTEN STATEMENT
FROM ANGIE JONES

② ANGIE JONES RECORDED STATEMENT
FROM 3/21/05 IS ENCLOSED.

*John McConagh*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

        Plaintiff,            :      Case No. 3:07-cv-003

                                     District Judge Thomas M. Rose

        -vs-                      Chief Magistrate Judge Michael R. Merz

                           :

CLARK COUNTY PUBLIC LIBRARY,
et al.,

        Defendants.

---

## REPORT AND RECOMMENDATIONS ON PRELIMINARY INJUNCTION

---

        This case was set for hearing on Plaintiff's request for preliminary injunctive relief at 9:30

A.M. on Monday, January 22, 2007. Notice of the hearing had been given to the parties in writing

as part of the Report and Recommendations (Doc. No. 5). Defendant John McConagha was present

in person and he and the Clark County Public Library were represented by attorney Lauren Ross,

their trial attorney in this case. Plaintiff, however, did not appear, despite having been advised by

the Court's staff on Friday, January 19, 2007, that the hearing was still scheduled and that he was

required to appear.

        The burden of proving entitlement to preliminary injunctive relief is, of course, on the party

seeking that relief. Because Plaintiff failed to proceed as scheduled, there is no more evidence

before the Court supporting preliminary injunctive relief now than there was when the motion for

temporary restraining order was heard. On the same basis as given for that request, the Magistrate

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO  WESTERN DIVISION AT DAYTON
(CATCHMENT DISTRICT)

2007 JAN 24  P 4: 45

**WAYNE DOYLE**

Plaintiff,                          Case no. 307-cv-003

-vs.-                               District Judge Thomas M. Rose
                                    And  Chief Magistrate Judge
                                    Michael R. MerZ

**JOHN MC CONAGHA  and**
**the Clark County Library et al,**

Defendants.

## _RENEWED RESTRAINING ORDER MOTION_

## _MOTION TO TRANSFER CASE BACK TO COLUMBUS_

### _IN SUPPORT OF THE FOREGOING_

On  January 12, 2007, Plaintiff  Wayne Doyle motioned this court for a
"EMERGENCY" restraining order which was .denied.   Once again
I , Wayne Doyle , a United States of America free citizen, ,Motion this court
to look closer at the January 5, 2997 telephone conference record and  John
Mc Conahgha (in the record) (unverified unwarranted unlawful  reason why
Wayne Doyle is not allowed to enter upon the grounds of the Clark County
Library.

INJUSTICE ANYWHERE IS A THREAT TO JUSTICE EVEREWHERE

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO  WESTERN DIVISION AT DAYTON
(CATCHMENT DISTRICT)

1.    *Does the Constitution allow a person the right to face a
accuser?*

2.    *Judge Merz said:  We don't have a witness statement.*

3.    *Judge Merz said:  The only evidence we have is that
McConagha said it was made.*

4.    *Judge Merz said:   No…. He's not a witness of what
happened in the library.*

5.    *Wayne Doyle asked Attorney Ross, "does she understand
That there was no one else in the meeting or hearing except me
and my attorney?*

6.    *Judge Merz answered: she understands that and I do to.*

## RECONSIDERATION

*There is no accuser who has come forth  in the meeting or
hearings to identify Wayne Doyle as the person starring at  and
following the alleged victim Angie Jones, not even the alleged
victim Angie Jones.  Therefore herefore whenceforth if there is
no victim where is the crime?*
*Question for this court to answer:can  a person be punished for
a crime that hasn't  been proven that it was committed?*

INJUSTICE ANYWHERE IS A THREAT TO JUSTICE EVEREWHERE

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO  WESTERN DIVISION AT DAYTON
(CATCHMENT DISTRICT)

*Question for this court to answer:*
*"Innocent until proven guilty"*
*What does that mean?*

**The library has no defense, no cause of action.**

*No where . in this courts records does it prove or show that  Wayne*
*Doyle has been identified as the person who harassed the alleged*
*Angie Jones.  Therefore Wayne Doyle motions this court*
*To grant  the emergency restraining order, allowing Wayne Doyle*
*to enter onto the Clark County Library grounds starting TODAY*
*January 24,2007.  The immediate removal of the unlawful ban is*
*the only action that can  repair the harm for today.*

## *Mistaken Identity*

**The  Library nor the court can prove that Wayne Doyle was**
**starring  or following anyone around the library.**

.*NOTORIZED STATEMENT*

**(Concerning**  *The alleged Angie Jones statement of 3/18/2005)*
*I, Wayne Doyle states that  on  or about  March 18,2005 ,I did not*

INJUSTICE ANYWHERE IS A THREAT TO JUSTICE EVEREWHERE

I wayne Doyle states that on or about March 18, 2005, I did not Hurass of Follow Angie Jones or stare at anyone or do anything that was against the Clark County Library Rules, or the OHIO Revised Code Concerning Conduct

Sign on this 24th day of January 2007

X Wayne Doyle

William E. Hood
NOTARY PUBLIC

Sworn To and Subscribed in my presence
my commission expires mar 16, 2011

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO  WESTERN DIVISION AT DAYTON
(CATCHMENT DISTRICT)

*harass or follow Angie Jones or  stare at anyone or do anything
that was against the Clark County rules or the Ohio revised code
concerning conduct.*

*Signed this 24th day of January
2007.*_____

—

**Notary**

_____

## RELIEF SOUGHT

*1.  EMERGENCY RESTRAINING ORDER TO BE PUT IN
MOTION IMMEDIATELY ACCORDING TO CASE LAW, NOT
"OUTLAW"*

*2.  TRANSFER THIS CASE OUT OF THE "CATCHMENT"
DISTRICT BACK TO THE FEDERAL COURT IN COLUMBUS,
OHIO WHERE I FILED IT.*

INJUSTICE ANYWHERE IS A THREAT TO JUSTICE EVEREWHERE

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO  WESTERN DIVISION AT DAYTON
(CATCHMENT DISTRICT)


## SERVICE

*I herby certify that a true copy of the renewed  restraining order
motion was served upon Lauren M. Ross, P.o. Box 1488
Springfield, Ohio 45501-1488  Martin, Browne, Hull& Harper,
P.L.L. One S. Limestone St.  Suite 800 by regular mail this
_____ day of January 2007.*

_Wayne Dayle_

**INJUSTICE ANYWHERE IS A THREAT TO JUSTICE EVEREWHERE**

(A)    *January 5, 2007, Court's transcription of the proceeding.*

(B)    **1/03/2007, MOTION OF PLAINTIFF FOR TEMPORARY RESTRAINING ORDER.**

(C)    **1/12/2007, RENEWED MOTION FOR EMERGENCY RESTRAINING ORDER.**

(D)    **1/8/2007, REPORT AND RECOMMENDATION SETTING DATE FOR PRELIMINARY INJUNCTION HEARING.**

(E)    **1/16/2007, SUPPLIMENTAL REPORT AND RECOMMENDATIONS .**

(F)    **1/22/2007, REPORT AND RECOMMENDATIONS ON PRELIMINARY INJUNCTION HEARING.**

(G)    **1/24/2007, RENEWED RESTRAINING ORDER MOTION.**

(H)    **(NO DATE GIVEN)  REPORT AND RECOMMENDATION ON PRELIMINARY INJUNCTION.**

(I)    **1/12/2007, WAYNE DOYLES NOTORIZED STATEMENT STATING :I HAVE NO ACCESS TO COMPETITIVE SOURCES OF INFORMATION , NOR DO I HAVE TRANSPORTATION TO GO OUT OF TOWN TO ANOTHER LIBRARY.**

(J)    **1/24/2007, WAYNE DOYLE'S NOTORIZED STATEMENT STATING:I DID NOT HARASS OR FOLLOW ANGIE JONES OR STARE AT ANYONE OR DO ANYTHING THAT WAS AGAINST THE CLARK COUNTY LIBRARY RULES, OR THE OHIO REVISED CODE CONCERNING CONDUCT.**

### **RELIEF SOUGHT**

*I, WAYNE DOYLE MOTION THIS COURT TO IMMEDIATELY ORDER THE CLARK COUNTY LIBRARY TO **REMOVE THE BAND UNTIL THEY CAN PROVE:***

(1) *THAT I, WAYNE  DOYLE  WAS THE THE PERSON THE ALLEGED ANGIE JONES WAS TALKING ABOUT IN SECURITY OFFICER'S HAND WRITTEN ACCOUNT OF WHAT "HE SAYS" HE WAS TOLD.*

(2) *HOW DID I FOLLOW AND HARASS ANGIE JONES?  DID I HAPPEN TO BE GOING TO THE WATER FOUNTAIN THE SAME TIME SHE DECIDED TO GO?. DID I HAPPEN TO BE LOOKING AT THE CLOCK THAT MIGHT HAVE BEEN ON THE SIDE OF HER? HOW DID I FOLLOW AND HARASS  THE ALLEGED ANGIE JONES?*

*I  RELY ON THIS COURT TO ACT **(IMMEDIATELY)** AS IT HAS BEEN RESPONDING WITHIN ONE TO TWO DAY'S FOLLOWING MY PREVIOUS PLEADINGS.  FOR IF THIS BAND IS NOT REMOVED BEFORE 3/20/2007,*

*NOTHING CAN AND WILL PROTECT WAYNE DOYLE'S CITIZENSHIP RIGHTS TO GO TO THE CLARK COUNTY LIBRARY AGAIN WITHOUT THE POSSIBILITY OF JOHN MCCONAGHA PUTTING HIM OUT OF THE LIBRARY ON THE **WORD** OF SOMEBODY HE DOES NOT KNOW AND HAS NEVER FACED, NOR HAVE THEY CAME FORWARD ON THE RECORD IN PERSON OR WRITING.*

## *SERVICE*

*MAILED TO LAUREN M ROSS, P.O. BOX 1488 SPRINGFIELD, OHIO 45501-1488 THIS 16TH DAY OF MARCH 2007.*

----------------- *Wayne Doyle* -----------------

## INJUSTICE ANYWHERE IS A THREAT AGAINST JUSTICE EVERYWHERE.