IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WAYNE DOYLE, | ) | Case No. C-3-07-0003 |
| | ) | |
| Plaintiff, | ) | District Judge Thomas M. Rose |
| | ) | Chief Magistrate Judge Michael Merz |
| vs | ) | |
| | ) | |
| CLARK COUNTY PUBLIC | ) | MEMORANDUM IN SUPPORT OF |
| LIBRARY, et al., | ) | DEFENDANTS' CIVIL RULE 12(b)(6) |
| | ) | MOTION TO DISMISS |
| Defendants. | ) | |

## I.     INTRODUCTION

### A.     FACTS

This case involves claims regarding Plaintiff's allegedly wrongful suspension from the Clark County Public Library. On March 20, 2005, a female library patron complained to Jeff Smith, a Security Officer with the Clark County Public Library claiming that Plaintiff, Wayne Doyle, was following her, staring at her and harassing her at the library on March 18, 2005. In response, Jeff Smith prepared an Incident Report. (See Complaint, Exhibit 1).

On March 21, 2005, Defendant John McConagha called the complainant regarding her complaint. (See Complaint, Exhibit 4, March 30, 2005 notes of telephone conversation).

Later that day, Plaintiff arrived at the Clark County Public Library, whereupon he was approached by John Dempsey, a security officer of the Clark County Public Library. Mr. Dempsey gave Plaintiff a letter from Defendant McConagha, dated March 21, 2005, banning Plaintiff from the Library for two years, from March 21, 2005 through March 21, 2007. (See Complaint, Exhibit 2). That letter advised Plaintiff that he had violated the Library's Code of Conduct by staring, following and harassing a library user on March 18, 2005. The letter further advised Plaintiff of his right to appeal his suspension within 30 days and also advised Plaintiff that he could present his side of the story at the appeal hearing.

Dockets.Justia.com

On April 15, 2005, Defendant McConagha conducted an appeal hearing wherein Plaintiff was represented by counsel. Plaintiff was permitted to present his side of the story at the appeal hearing.

On April 25, 2005, Defendant McConagha issued his appeal decision. (See Complaint, Exhibit 3). Defendant McConagha based his decision on the Incident Report and his phone conversation with the complainant as well as other materials. He noted that Plaintiff denied following, staring and harassing anyone at the Clark County Library. However, Defendant McConagha found that Plaintiff failed to explain why the complainant would fabricate her story. Therefore, he reinstated Plaintiff's suspension.

**B.    PROCEDURAL HISTORY**

Plaintiff failed to appeal Defendant McConagha's decision to the common pleas court pursuant to Ohio Revised Code Section 2506.01. Instead, on January 3, 2007, 21 months after the appeal decision, he filed his Complaint in this Court. Plaintiff's Complaint contained eight counts: three seeking federal claims and five state law claims. Count I alleges the violation of his federal constitutional right to peacefully assemble and visit the Clark County Public Library. Count II alleges the violation of his federal constitutional right of liberty of movement without due process of law. Count III alleged violations of 42 U.S.C. § 1983. In Counts IV through VIII, Plaintiff alleges state law claims of malicious prosecution, the intentional infliction of emotional distress, the negligent infliction of emotional distress, common law breach of contract, and promissory estoppel.

On January 8, 2007, Plaintiff filed an Amended Complaint wherein he listed certain basic civil rights that Defendants allegedly denied him. He failed, however, to state any factual allegations in support of those claims. Plaintiff further claims violations of certain federal statutes, including, 42 U.S.C. § 1985 and 18 U.S.C. § 241.

In addition, Plaintiff has filed four Emergency Motions for a Restraining Order, all of which have been denied. This Court also denied Plaintff's Motion for a Preliminary Injunction, finding he could not show that he was suffering any irreparable injury because he waited 22 months to file this action and that his suspension expires on March 21, 2007. Since Plaintiff's suspension expired on March 21, 2007, any claim for injunctive relief regarding that suspension is moot.

## II.    ARGUMENT

### A.    STANDARD OF REVIEW

Defendants' Motion to Dismiss for failure to state a claim for relief should be granted because Plaintiff can prove no set of facts entitling him to relief. See Vail v. Plain Dealer Publishing Co., 72 Ohio St. 3d 279, 280, 649 N.E. 2d 182 (1995). A complaint under 42 U.S.C. § 1983 must allege an actionable violation of a federal right by a state actor. See Snell v. Seidler, 2005-Ohio-6785 at ¶26, 2005 Ohio App. LEXIS 6096, at * 11 (7th Dist. Dec. 12, 2005). Plaintiff failed to allege any violations of his federal constitutional or state rights that would entitle him to relief.

### B.    COUNT I:   DENIAL OF RIGHT TO PEACEFULLY ASSEMBLE AND VISIT THE LIBRARY

Plaintiff alleges that on March 21, 2005, Plaintiff was exercising his First, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, Thirteenth, Fourteenth and Fifteenth Amendment rights by attempting to peacefully assemble and exercise his public accommodation rights at the Clark County Public Library in Springfield, Ohio, and that when he arrived at the library, John McConagha, by and through his Agent, approached Plaintiff with a letter banning him from the library. Plaintiff alleges that his being banned from the public library violates his constitutional rights.

The First Amendment protects the right to receive information. Stanley v. Georgia, 394 U.S. 557, 564 (1969) ("It is now well established that the Constitution protects the right to

receive information and ideas."). This right to receive information "includes the right to some level of access to a public library, the quintessential locus of the receipt of information." Kreimer v. Bureau of Police for the Town of Morristown, 958 F.2d 1242, 1255 (3d Cir. 1992); see also Minarcini v. Strongsville City Sch. Dist., 541 F.2d 577, 582 (6th Cir. 1976) ("A library is a mighty resource in the free marketplace of ideas."); Armstrong v. Dist. of Columbia Pub. Library, 154 F. Supp. 2d 67, 75 (D.D.C. 2001) (noting the existence of "long-standing precedent supporting plaintiff's First Amendment right to receive information and ideas, and this right's nexus with access to public libraries").

For the purposes of First Amendment analysis, the Library is a limited public forum. Kreimer, 958 F.2d at 1259; Sund v. City of Witchita Falls, 121 F. Supp. 2d 530, 548 (N.D. Tex. 2000); Mainstream Loudun v. Bd. Of Trs. Of Loudon County Library, 24 F. Supp. 2d 552, 563 (E.D. Va. 1998). As such, the Library "is obligated only to permit the public to exercise [**10] rights that are consistent with the nature of the Library and consistent with the government's intent in designating the Library as a public forum." Kreimer, 958 F.2d at 1262.

Plaintiff is precluded from contesting Defendant McConagha's findings that he violated the Clark County Public Library's Code of Conduct, which prevents him from obtaining relief on his First Count. This Court is required to apply the Ohio preclusion law. See Migra v. Warren City School District Board of Education, 465 U.S. 75 (1984). Under the Ohio law of issue preclusion, a fact or point of law that was directly at issue in a previous action, and was passed upon by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies. See Fort Frye Teachers Ass'n, v. State Employment Relations Board, 81 Ohio St. 3d 392, 395 (1998). Ohio's preclusion law also applies to an unappealed administrative decision. See Grava v. Parkman Township, 73 Ohio St. 3d 379 (1995)(Syllabus)(res judicata applies to Board of Zoning Appeals' decision relating to grant or

denial of a variance).

Ohio law provides a statutory right of appeal, under Ohio Revised Code Section 2506.01, to the common pleas court from administrative decisions resulting from a quasi-judicial proceeding. An administrative proceeding is quasi-judicial when the administrative agency or official employed discretion in adjudicating the rights and duties of the parties involved, and notice, hearing and an opportunity to present evidence was provided. See Gross Builders v. Tallmadge, 2005-Ohio-4268 at ¶28, 2005 Ohio App. LEXIS 22484 at *16 (9th Dist. Aug. 17, 2005).

Defendant McConagha exercised his discretion in adjudicating Plaintiff's rights regarding his eviction. Mr. McConagha further provided Plaintiff notice of the eviction and provided him an appeal hearing wherein he could present his "side of the story." Therefore, the proceedings conducted by Defendant McConagha constituted quasi-judicial proceedings under Ohio law subject to a Section 2506.01 appeal to the common pleas court.

In addition, Plaintiff could have sought to present additional evidence before the common pleas court under Ohio Revised Code Section 2506.03, including the right to cross-examine any witnesses. See O.R.C. § 2506.03(B); see also, Saeed v. Cincinnati, 2004-Ohio-3747 at ¶18, 2004 Ohio App. LEXIS 3383 at *12-13 (1st Dist. July 16, 2004), holding that Section 2506.03 gives a common pleas court wide latitude in allowing the introduction of additional evidence. Since Plaintiff failed to file an appeal from Defendant McConagha's appeal decision, and failed to request additional procedures under Section 2506.03, he cannot show that he was denied a full and fair opportunity to litigate his claims in the state proceedings. See Goodson v. McDonough Power Equipment, Inc., 2 Ohio St. 3d 193, 200-201 (1982), holding that the main thread which runs through the determination of the applicability of preclusion is the necessity of a fair opportunity to fully litigate and to be "heard" in the due process sense.

Moreover, the Sixth Circuit has recognized that unreviewed findings of an administrative body are to be given effect in a subsequent federal court proceeding under 42 U.S.C. § 1983. See Cross v. City of Springfield, 2001 U.S. App. LEXIS 16027 at *17 (6th Cir. 2001)(citing University of Tennessee v. Elliott, 478 U.S. 788 (1986)). Therefore, Plaintiff's claims under Count I are barred under the doctrine of issue preclusion.

## COUNT II

## C.    COUNT II:   DENIAL OF RIGHT TO LIBERTY OF MOVEMENT WITHOUT DUE PROCESS OF LAW

An administrative action will withstand a substantive due process attack unless it is not supportable on any rational basis, or is a willful and unreasoning action, without consideration and in disregard of the circumstances of the case. See Tri-Corp. Management v. Praznik, 2002 U.S. App. LEXIS 6199 at *16 (6th Cir. 2002). The Incident Report and Defendant McMonagha's notes of his March 20, 2005 telephone conversation with the complainant prevents any finding that the Defendants acted without any rational basis regarding Plaintiff's suspension.

In addition, the Defendants did not deprive Plaintiff of his procedural due process rights. Defendant McConagha's March 21, 2005 letter provided Plaintiff with notice of his eviction and the reasons therefore, as well as his right to an appeal hearing. Therefore, Plaintiff was provided with notice and an opportunity to respond, which are the essential elements of procedural due process. See Flaim v. Medical College of Ohio, 418 F. 3d 629, 634 (6th Cir. 2005). In fact, Plaintiff was represented by counsel at the appeal hearing.

Plaintiff claims that he was denied any pre-deprivation procedures. However, the timing and nature of a due process hearing depends on an appropriate accommodation of the competing interests involved. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982). The necessity of quick action by the government or the impracticality of providing pre-deprivation

procedures can support the use of post-deprivation procedures.  See Logan v. Zimmerman Brush Co., 455 U.S. at 436; see also Neinast v. Columbus Metro. Library, 346 F.3d 585, 597 (6th Cir. 2003), holding that due process is flexible and calls for such procedural protections as the situation demands.

The Sixth Circuit has recently affirmed the principle that post-deprivation remedies are sufficient to satisfy due process when there is a necessity for quick action by the government. See Hughlett v. Romer-Sensky, 2006 U.S. App. LEXIS 16823 at *26 (6th Cir. 2006).  This case involves a complaint alleging that Plaintiff was following, staring and harassing a female patron, which required quick action by the Clark County Public Library.  Further, the Incident Report, and Defendant McConagha's phone conversation with the complainant supported a reliable determination that Plaintiff violated the Library's Code of Conduct.  See Barry v. Barchi, 443 U.S. 54, 64-65 (1979), holding that post-deprivation procedures are adequate for due process purposes following a reliable pre-deprivation finding.

This Court must consider three factors in determining whether Defendants satisfied due process requirements in this case: 1) Plaintiff's private interest in visiting the Clark County Public Library, 2) the risk of an erroneous deprivation of that interest by the procedures employed, and 3) Clark County Public Library's interest, including the function involved. See City of Los Angeles v. David, 538 U.S. 715, 716 (2003)(citing Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).  Plaintiff's interest in visiting the Clark County Public Library is not absolute. Also, Defendant McConaga reviewed the Incident Report, spoke by phone with the complainant, and provided Plaintiff an opportunity to present his "side of the story."   Finally, Clark County Public Library's interest in providing a safe environment for its patrons necessitated quick action since Plaintiff was alleged to have followed, stared and harassed a female patron.

Therefore, a consideration of the required factors defeats Plaintiff's due process claim

that he was denied a pre-deprivation hearing. Plaintiff cannot show that the Defendants denied him either substantive or procedural due process.

**D.    COUNT III:  VIOLATION OF 42 U.S.C § 1983**

Plaintiff in Court III alleges the deprivation of rights under 42 U.S.C. § 1983. However, Section 1983 does not provide any substantive rights. Rather, it provides a remedy for the violation of federal statutory or constitutional rights. See Braley v. City of Pontiac, 906 F.2d 220, 223 (6th Cir. 1996).

In addition, to allege a valid Section 1983 claim, a plaintiff must allege the violation of a federal right by a state actor. See American Manufactures Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 59 (1999). Where a plaintiff cannot show the violation of a federal constitutional right, there can be no liability under Section 1983. See May v. Franklin County Commissioners, 437 F.3d 579, (6th Cir. 2006). The Defendants have shown, above, that Plaintiff's Counts I and II do not sufficiently allege violations of his federal Constitutional rights. (See supra at 3-8).

**E.    COUNT IV:  MALICIOUS PROSECUTION**

Plaintiff claims that Defendants maliciously prosecuted him. However, since no criminal charges were filed against him, he has not alleged a valid criminal malicious prosecution claim. See Trussell v. General Mill Motors Corp., 53 Ohio St. 3d 142 (1990)(Syllabus), holding that the initiation or continuation of a prosecution is an essential element of a criminal prosecution action. A claim for malicious prosecution provides a right to recover damages for harm to a defendant in a criminal case. See also Criss v. Springfield Township, 53 Ohio St .3d 82, 84 (1990).

In addition, the elements of a civil malicious prosecution claim are the filing of a lawsuit, with malice and without probable cause, the termination of the prior lawsuit in plaintiff's favor, and the seizure of plaintiff 's person or property. See Ferchill v. Beach Cliff Board of Trustees,

162 Ohio App. 3d 144, 147-148 (8th Dist. 2005)(citing <u>Crawford v. Euclid National Bank</u>, 19 Ohio St. 3d 135, 139 (1995)). Plaintiff has not alleged that Defendants filed a civil action against him, or that any state proceedings were terminated in his favor. See <u>Ash v. Ash</u>, 72 Ohio St. 3d 520, 522 (1995), holding that a favorable termination of a prior proceeding requires an indication of innocence. Nor has he alleged the seizure of his person or property. Further, the Incident Report and Defendant McConagha's phone conference with the complainant defeats any allegation that the Defendants lacked probable cause or that they acted maliciously.

F.    COUNT V:   THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To state a valid claim for the intentional infliction of emotional distress, a plaintiff must allege that the defendant, by extreme or outrageous conduct, intentionally or recklessly caused him serious emotional distress.    See <u>Yeager v. Local Union 20</u>, 6 Ohio St. 3d 369 (1983)(Syllabus). Serious emotional distress is an emotional injury which is both severe and dehabilitating. See <u>Holsinger v. Canton Cememtary Ass'n</u>, 2007-Ohio-520 at ¶60, 2007 Ohio App. LEXIS 464 at *16 (5th Dist. Feb. 5, 2007).

Plaintiff has not alleged that he suffered any severe or dehabilitating emotional injury. Moreover, the Incident Report and Defendant McConagha's phone conversation with the complaint prevents any finding that Defendants' conduct was extreme or outrageous.

G.    COUNT VI:  NEGLIGENT INFLICTION OF EMOTOINAL DISTRESS

A plaintiff claiming the negligent infliction of emotional distress is required to allege that he was in the vicinity and either actually observed or otherwise perceived an accident and resulting injury. See <u>Paugh v. Hanks</u>, 6 Ohio St. 3d 72, 80 (1983). Plaintiff does not allege that he was in the vicinity of an accident or that he perceived or observed any injury resulting therefrom. Nor does he allege any serious emotional distress.

H.    **COUNT VII:        BREACH OF CONTRACT**

The essential elements of a breach of contract claim are the existence of a contract, plaintiff's fulfillment of his obligations, defendant's failure to fulfill his obligations, and damages arising from Defendant's failure. See <u>Powell v. Group Medical Center</u>, 148 Ohio App. 3d 1, 10 (2002). Plaintiff, however, fails to allege the existence of any contractual relationship between himself and the Defendants.

I.    **COUNT VIII:        PROMISSORY ESTOPPEL**

A plaintiff claiming a violation of promissory estoppel must show the existence of a promise that the promisor reasonably expects to induce action or forbearance of action. See <u>Rucker v. Everen Securities</u>, 102 Ohio St. 3d 1247, 1248 (2004). Plaintiff has failed to allege the existence of any promises by the Defendants which induced him to act or not to act in a certain matter.

J.    **DEFENDANT JOHN MCCONAHA IS ENTITLED TO QUALIFIED IMMUNITY FROM MONETARY LIABILITY.**

Under long-settled United States Supreme Court precedent, governmental officials performing discretionary functions are qualifiedly immune from monetary liability insofar as their conduct does not violate clearly established federal rights of which a reasonable person should have known. See <u>Center for Bio-Ethical Reform, Inc v. City of Springboro</u>, 2007 U.S. App. LEXIS 3689 at *27 (6th Cir. 2007) (citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)). To be clearly established, the federal right at issue must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. See <u>Center for Bio-Ethical Reform</u>, 2007 U.S. App. LEXIS 3689 at *36(citing <u>Anderson v. Creighton</u>, 483 U.S. 635, 639 (1987)). The unlawfulness of the action must be apparent in light of the pre- existing law. See <u>Center for Bio-Ethical Reform</u>, 2007 U.S. App. LEXIS 3689 at *37.

Plaintiff claims that Defendants denied him his federal constitutional right to peacefully

assemble and visit the Clark County Public Library. However, Plaintiff possessed only a limited right of access to the Clark County Public Library, which could be denied upon a finding of a violation of the Library's Code of Conduct. See <u>Neinast v. Columbus Metro Library</u>, 346 F.3d 585, 590 (6th Cir. 2003). Plaintiff is precluded from contesting in this Court Defendant John McConagha's finding that he violated the Clark County Library's Code of Conduct on March 18, 2005.

Moreover, there is no precedent from the United States Supreme Court or the Sixth Circuit regarding the procedures required by due process prior to an eviction by a public library. Even if Defendant, McConagha violated Plaintiff's federal constitutional rights, those rights were not clearly established so that he would be entitled to qualified immunity.

**K.    POLITICAL SUBDIVISION IMMUNITY**

The Ohio Revised Code provides a three-tiered analysis regarding political subdivision immunity from state law claims. See <u>Colbert v. City of Cleveland</u>, 99 Ohio St. 3d 215, 216 (2003). First, political subdivisions are generally immune for the performance of a governmental or proprietary function. See O.R.C. § 2744.02(A)(1). The Ohio Revised Code states that providing a free public library is a governmental function of a political subdivision. See id. § 2744.01(C)(1)(d).

Secondly, Section 2744.02(B) lists five exceptions to political subdivision immunity, none of which apply in this case. Therefore, this Court does not need to consider the third tier, i.e., whether there exists under Section 2743.03 any defense to Section 2743.02(B)'s exceptions to political subdivision immunity.

Finally, Ohio Revised Code Section 2743.02 includes no provision excepting intentional torts from the general rule of political subdivision immunity. See <u>Coates v. City of Columbus</u>, 2007 Ohio App. LEXIS 640 at *8 (10th Dist. 2007).

**L.    FEDERAL STATUTORY VIOLATIONS**

Plaintiff claims that the Defendants violated his statutory rights under 42 U.S.C. § 1985

and 18 U.S.C. § 241. However, Defendant McConagha is an employee of the Defendant Clark

County Public Library.    A plaintiff cannot allege a valid Section 1985 conspiracy claim

involving defendants of the same entity.  See Hull v. Cuyahoga Valley Joint Vocational School

District Board of Education, 926 F.2d 505, 510 (6th Cir. 1991). In addition, 18 U.S.C. § 241 is a

criminal statue, not applicable in a civil proceeding.

Plaintiff further alleges violations of 28 U.S.C. §§ 1981 and 1983. However, his Section

1981 racial discrimination claims are barred by issue preclusion. Further, he has not sufficiently

alleged any federal constitutional violations to support relief under Section 1983.

**M.    ALLEGED FEDERAL CONSTITUTIONAL VIOLATIONS**

In his Amended Complaint, Plaintiff lists certain federal constitutional rights allegedly

denied him on account of his race, religion, education and background.  However, he fails to

allege any factual basis in support thereof.  See Moon v. Harrison Piping Supply, 465 F.3d 719,

723 (6th Cir. 2006), holding that a complaint can survive a dismissal under Civil Rule 12(b)(6)

only if it contains either direct or indirect inferential factual allegations regarding all the essential

elements to sustain a recovery.

**III.    CONCLUSION**

This Court should dismiss Plaintiff's Complaint against Defendants Clark County Public

Library and John McConagha as Plaintiff failed to state a claim upon which relief can be

granted.

Respectfully submitted,

ZASHIN & RICH CO., L.P.A.

LOIS A. GRUHIN (0012672)
GEORGE S. CRISCI (0006325)
21 East State Street, Suite 1900
Columbus, Ohio 43215
(614) 224-4411
(614) 224-4433 Facsimile
*Attorney for Defendants,*
*Clark County Public Library and*
*John McConagha*