# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WAYNE DOYLE,

      Plaintiff,              :      Case No. 3:07-cv-003

                              District Judge Thomas M. Rose
      -vs-                     Chief Magistrate Judge Michael R. Merz

                             :

CLARK COUNTY PUBLIC LIBRARY,
  et al.,

      Defendants.

## ENTRY RESPONDING TO PLAINTIFF'S MOTION FOR (CLARITY); ORDER REGARDING MOTIONS TO AMEND COMPLAINT AND FOR EXTENSION OF TIME; ORDER TO THE CLERK

This case is before the Court on Plaintiff's Motion to Amend Complaint - Motion for (Clarity) from the Court (Doc. No. 49) and Plaintiff's Motion for extension of time to employ counsel and to respond to Defendants' Motion to Dismiss (Doc. No. 50).

Respecting a possible amended complaint, Plaintiff is free to move to amend his Complaint, but must attach to any such motion a copy of the proposed amended complaint. To put it another way, the Court will not grant permission to amend without seeing (and allowing the opposing parties to respond to) the amendment which is sought to be filed. To the extent the instant Motion seeks general permission to amend, it is denied.

Respecting the questions the Plaintiff has asked of the Court:

1.     The date stamp on the Complaint appears in the line of type appearing at the very top of the electronic document. This is true of all court documents filed electronically. For reasons which are unknown to the Court, the electronic filing system has produced an apparent overstrike on this particular document. The Court does not add page numbers to filed documents except that the electronic filing system counts the total pages in any one document and indicates that in the same line as the date stamp.

1

2. The Court does not understand Plaintiff's second question. The Court's docket shows that on January 8, 2007, Plaintiff filed a Motion to Amend (Doc. No. 6) which the Court granted on January 10, 2007.

3. The Court is unable to answer Plaintiff's third question.

4. Defendants' Motion to Dismiss seeks dismissal of all of Plaintiff's claims, including his claim for race discrimination. From the face of the Motion, it appears that Defendants are responding to Plaintiff's Amended Complaint.

Plaintiff's Motion for Extension of Time to employ an attorney is not well taken. The events in suit happened more than two years ago and Plaintiff has had that time to employ counsel. While the Court certainly would welcome an appearance of counsel on Plaintiff's behalf, there is no good reason to stay proceedings while Plaintiff is seeking counsel.

Plaintiff's time to respond to the Motion to Dismiss is extended to and including May 1, 2007.

The Court notes that Plaintiff tendered the instant Motions for filing at the Columbus location of court. That is not permissible. All filings must be tendered at the location of court where the case has been filed, to wit, 200 West Second Street, Dayton, Ohio. The Court further notes that the vast bulk of Plaintiff's recent filing, as with many prior filings, consists of re-filing documents already on file with the Court. The Clerk is instructed not to re-scan and docket attachments to motions in this case which appear to be documents already filed without further instructions from the Court.

April 19, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge