IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **WAYNE DOYLE,** | ) Case No. C-3-07-0003 |
| | ) |
| **Plaintiff,** | ) **District Judge Thomas M. Rose** |
| | ) **Chief Magistrate Judge Michael Merz** |
| vs. | ) |
| | ) **DEFENDANTS' RESPONSE TO** |
| **CLARK COUNTY PUBLIC LIBRARY, et al.,** | ) **PLAINTIFF'S OBJECTIONS TO** |
| | ) **MAGISTRATE JUDGE'S** |
| **Defendants.** | ) **SUBSTITUTED REPORT AND** |
| | ) **RECOMMENDATIONS; DECISION** |
| | ) **AND ENTRY** |

In response to Defendants' Amended Civil Rule 12(b)(6) Motion to Dismiss and Memorandum of Law in Support[1], the Chief Magistrate Judge issued a Substituted Report and Recommendations; Decision and Entry[2] (hereafter, "Substituted Report and Recommendations"), recommending that all of Plaintiff's claims be dismissed with prejudice. In his "objections,"[3] Plaintiff seemingly raises three points: (1) the Chief Magistrate Judge issued his initial Report and Recommendations before Plaintiff had an opportunity to respond to Defendants' Motion to Dismiss; (2) the Chief Magistrate Judge commented during a conversation with Plaintiff about how lawyers sometimes use the word "knowing" to mean whether a person actually saw or heard an event, and questioning the Chief Magistrate Judge's conclusion that Defendant McConagha did not discriminate against him because of race and gender because he was not there to see or hear what had occurred; and (3) the Chief Magistrate Judge issued a correction to reflect that it was Defendant McConagha, and not Plaintiff, who was

---

[1] The factual and procedural background are detailed in the Amended Memorandum of Law in Support of Defendants' Civil Rule 12(b)(6) Motion to Dismiss, at pp. 1-3.

[2] On July 17, 2007, the Chief Magistrate Judge issued a corrected Substituted Report and Recommendations, which dealt solely with the determination that Defendant McConagha (and not Plaintiff) was protected by qualified immunity. Since this correction did not impact substantively the Chief Magistrate Judge's recommended dismissal of Plaintiff's claims, Defendants will refer to the original Substituted Report and Recommendations unless otherwise noted.

[3] Plaintiff's "objections" appear to be a repeat of a pleading that he had filed shortly before the Report and Recommendation had been issued, with only minor changes to include subsequent events.

entitled to qualified immunity. (Plaintiff's Objections, at 2). None of these claimed errors have any merit, and they should be rejected.

To start, any error in issuing the initial Report and Recommendation was cured when the Chief Magistrate Judge reopened the matter, considered Plaintiff's "response" to Defendants' Motion to Dismiss, and issued a Substituted Report and Recommendations. Thus, Plaintiff has no basis to challenge the Chief Magistrate Judge's findings under that procedural challenge; rather, he must challenge the substantive rationale behind those findings – something that he fails to do.

In addition, it was unnecessary for the Chief Magistrate Judge to observe the alleged facts of the case before concluding that Plaintiff's race and gender discrimination claims have no merit. Indeed, it would be entirely improper for him to be a witness to the alleged events and also decide the case. Rather, it is Plaintiff's responsibility to allege facts to support his discrimination claims. This he failed to do. Thus, it was inevitable that the Chief Magistrate Judge would recommend dismissal of those claims.

Finally, any error by the Chief Magistrate Judge in identifying the person entitled to qualified immunity is entirely harmless. Such a conclusion certainly did not impact upon the complete lack of support for Plaintiff's claims. Indeed, the very act of correcting the error renders moot Plaintiff's claimed error.

As for Plaintiff's numerous additional demands (including the removal of the Chief Magistrate Judge and the transfer of the case to Columbus), suffice it to say that the reasons articulated by the Chief Magistrate Judge for rejecting those demands are logical and well-supported.

## CONCLUSION

This Court should accept the Chief Magistrate Judge's Report and Recommendations in its entirety and dismiss Plaintiff's Complaint against Defendants Clark County Public Library and John McConagha as Plaintiff failed to state a claim upon which relief can be granted.

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**


s/ Lois A. Gruhin
**LOIS A. GRUHIN (0012672)**
**GEORGE S. CRISCI (0006325)**
21 East State Street, Suite 1900
Columbus, Ohio 43215
(614) 224-4411
(614) 224-4433 Facsimile

*Attorneys for Defendants,*
*Clark County Public Library and*
*John McConagha*

**CERTIFICATE OF SERVICE**

  I certify that the foregoing was served by regular mail on the 9th day of August, 2007 upon the following:

Wayne Doyle
202 Southern Avenue
Springfield, Ohio 45506

Plaintiff

                s/ Lois A. Gruhin
                **LOIS A. GRUHIN (0012672)**

                *Attorney for Defendants,*
                *Clark County Public Library and*
                *John McConagha*