**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

WAYNE DOYLE,

            Plaintiff,          :         Case No. 3:07-cv-003

                                        District Judge Thomas M. Rose

      -vs-                    Chief Magistrate Judge Michael R. Merz

                           :

CLARK COUNTY PUBLIC LIBRARY,
  et al.,

            Defendants.

---

**REPORT AND RECOMMENDATIONS ON**
**MOTION TO APPEAL** *IN FORMA PAUPERIS*

---

       This case is before the Court on Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. No. 79).

       The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous. *Floyd v. United States Postal Service,* 105 F.3d 274 (6th Cir. 1997).

       28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Plaintiff was granted leave to proceed *in forma pauperis* in this Court, but that determination is not conclusive, since the appeal involves a separate proceeding. *Slack v. McDaniel,* 120 S. Ct. 1595 (2000)*; Spruill v. Temple Baptist Church,* 141 F.2d 137, 138 (D.C. Cir.1944). If the party was permitted to proceed *in forma pauperis* in the district court, the party may proceed on appeal in forma pauperis without further authorization unless the district court certifies in writing that an appeal would not be taken in good faith, or the party is not otherwise entitled to proceed as a pauper. See Fed. R.App. P. 24(a)(3). If the district court denies the individual leave to proceed in forma pauperis on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R.App. P. 24(a)(4), a motion

1

Dockets.Justia.com

with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), holding *Floyd v. United States Postal Service,* 105 F.3d 274 (6th Cir. 1997), superseded in part by 1998 amendments to Fed. R.App. P. 24.

The test under §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States,* 369 U.S. 438, 445-46, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Thus an appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal. This test will often be difficult to apply in any conclusive manner at the district court level because only a bare notice of appeal is before the District Court; it will often be unable to evaluate the issues appellant intends to raise on appeal because the appellant has no occasion to reveal those issues in a notice of appeal.

Plaintiff states his issues on appeal are as follows:

1. The court has not been fair nor impartial throughout the entire case.
2. During the court hearing the court answered most of Plaintiff Doyle's questions asked of defendants.
3. The court record remains incomplete after many corrections and mistakes by (Chief Magistrate Judge Merz) and (District Judge Thomas Rose).
4. According to the Orders and motions on the record, I, Wayne Doyle has not been given a opportunity to properly amend my complain [sic].
5. This case is a (CASE OF FIRST IMPRESSION) BEING MERZ SAID IT WAS HEARSAY AND HE WOULD HAVE TO DO SOME RESEARCH TO SEE IF MC CONAGHA HAD THE RIGHT TO KICK SOMEBODY OUT OF THE LIBRARY ON HEARSAY EVIDENCE. NO RESPONSE NOR RESEARCH HAS BEEN INDICATED ON THE RECORD FROM MERZ OR ROSE.

(Motion, Doc. No; 79, at 1).

Plaintiff is a patron of the Clark County Public Library who was barred for sexual

harassment of a female patron. Although Defendant McConagha had only hearsay evidence of the complaint, he gave Plaintiff a hearing at which he had the opportunity to rebut the charge and he did not successfully do so. As explained in the Magistrate Judge's Reports and Recommendations, Plaintiff was not denied either substantive or procedural due process by the bar order and he never produced any evidence of discrimination on the basis of race or religion. Plaintiff seemed to rely on a right to confront his accuser, but the Confrontation Clause of the Constitution applies only in criminal cases; the Supreme Court case in point, City of Revere v. Mass. General Hosp., 463 U.S. 239 (1983), is cited in the Report and Recommendations (Doc. No. 57 at 7).

The Court has considered four separate motions for temporary restraining order and ruled promptly on all of Plaintiff's motions. It has never denied him the opportunity to file an amended complaint which states a claim for relief. Plaintiff is of course entitled to his opinion on whether the judges considering his case have been fair or have made mistakes, but conclusory assertions to the contrary to not prevent the appeal from being frivolous.

The Court should accordingly deny Plaintiff's Motion for Leave to Appeal *in forma pauperis* and order him to pay the filing fee of $455.

September 15, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v.*

*Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).