IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WAYNE DOYLE

      Plaintiff, Case No. 3:07-cv-003

                                  District Judge Thomas M. Rose
                                  Magistrate Judge Michael Merz

  -vs-

JOHN MC CONAGHA AND
THE CLARK COUNTY LIBRARY,
Et al.,

      Defendants.

---

PLAINTIFF WAYNE DOYLES OBJECTION TO JUDGE MERZ 09/17/2007
REPORT AND RECOMMENDATIONS ON MOTION TO APPEAL
IN FORMA PAUPERIS

---

    This case is before the Court on Plaintiff Wayne Doyle's Motion for leave to Appeal In forma Pauperis (Doc. No. 79),

    The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed in formaa pauperis, whether the appeal is frivolous. Floyd v. United States Postal Service, 105 C. 3d 274 (6the Cir. 1997).

    Within the 28 U.S.C. 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis is if the trial court certifies in writing that it is not taken in good faith."

*Wayne Doyle*

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
DAYTON

Judge Merz said within the 9/17/2007 report and recommendation that"The test under §1915 (a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. Coppedge v. United States, 369 U.S. 438,445-46, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Thus an appellant's good faith subjective motivation for appealling is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal. <u>This test will often be difficult to apply in any conclusive manner at the district court level because only a bare notice of appeal is before the District Court: it will often be unable to evaluate the issues appellant intends to raise on appeal because the appellant has no occasion to reveal those issues in a notice of appeal.</u>" Question for Judge Merz: Since you know how "difficult it would be at the district court level to evaluate the issues appellant intends to raise on appeal, why did you deny Plaintiff's Motion for Leave to Appeal informa pauperis and order him to pay the filing fee of $455.?

IN THE UNITED STATES DISTRICT COURT
DAYTON

**FACTS JUDGE MERZ NEVER CONSIDERED**

1. On March 21,2005, John Mc Conagha gave this letter to Security officer John Dempsey to give to Wayne Doyle. "Dear Mr Doyle: Because you have violated the Clark County Public Library's Code of Conduct by starring, following a library user about the library, and harassing a library user, you are banned effective March 21, 2005 until March 21, 2007 from all library facilities. The complaint against you was made to one of our security officers at the Main Library on Friday, March 18,2005 by a female African-American library user. **I confirmed the complaint by phone today.** Under the ban you are not permitted to use or be in or on the grounds of any Clark County Library Facility. If you are on the property of any Clark County Public Library facility during the ban period, you will be arrested for trespassing. **You may appeal this decision in writing to me within 30 days of your receipt of this letter. your appeal may include your version of events of March 18,2005.**

2. On March 21, 2005, John Dempsey told Wayne Doyle that he was to leave the property, to read the letter, and that he was trespassing, but he did not leave the property. He asked to see the Director, I JOHN Dempsey escorted him to the Directors office. The director John Mc Conagha informed him , he was trespassing, and was to leave now, or the

## IN THE UNITED STATES DISTRICT COURT
## DAYTON
## REASON FOR APPEAL

police would be called immediately, Wayne Doyle said ok, and left."see 3/21/2005 incident report.

**Wayne Doyle was deprived of his procedural due process rights to tell his side of the story before he was removed from the library.**

On March 21,2005 Director John McConagha said: " I <u>confirmed the complaint by phone today</u>. You may appeal this decision in writing within 30 days of your reciept of this letter. Your appeal may include your version of events of March 18, 2005. see McConagha letter to Wayne Doyle dated March 21, 2005. Director John McConagha said he **confirmed the complaint over the phone** from a (alleged victim) who has not come forth on the record in no physical or spiritual way. As of September 26, 2007 no one has come forth on the record to accuse Wayne Doyle of Harrassing or following them around the library on March 18,2005.

**On March 21, 2005 Director John McConagha refused to allow Wayne Doyle the opportunity to tell his version of events of March 18,2005 before the ban was imposed.**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

### REASON FOR APPEAL

John McConagha nor Judge Merz considered whether Plaintiff was

deprived of his {**PROCEDURAL DUE PROCESS**}

the manner in which his access to the the library was remomed. Wayne Doyle is **a Member of the public** with <u>protected liberty interest</u> created directly by th First Amendment to protect him from this kind of discrimination. Since the right is not absolute, it can be lost for engaging in anoying or criminal conduct inconsistent with the purpose of public libraries. The question becomes {**WHAT PROCESS IS DUE TO A MEMBER OF THE PUBLIC BEFORE THAT RIGHT IS TERMINATED OR SUSPENDED**}?

. In Mathews v. Eldridge, 424 U.S 319,96S. the SupremeCourt prescribed a general method for analyzing (IF) particular procedures satisfy the requirement to protect the public's

{PROCEDURAL DUE PROCESS.}

Our prior decisions indicate that identification of due process generally requires consideration of three distinct factors : first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

## REASON FOR APPEAL

1. This court did not allow Plaintiff Wayne Doyle T.R.O. hearing to stop John McConagha and the Clark County Library from violating his First Amendment Rights to Procedural Due Process Rights.
2. Judge Merz did not allow Plaintiff the Doyle opportunity to properly amend the complaint as the court instructed me to do so.
3. During the T.R.O hearing, Judge Merz admitted that John McConagha had only <u>hearsay evidence</u> to go on. Wayne Doyle told the court that he did not harass anyone. The ban still remained.
4. THIS IS A PRECEDENT CASE OF FIRST IMPRESSION FOR PUBLIC SAFETY AS IT RELATES TO LIBRARY RULES FOR THE PUBLIC'S INTEREST.
5. Erroneous Deprivation. On 3-21-2005, If John McConagha would have asked me my version of what happened on 3/18/2005, I would have told him verbally and in writing that I did not harass or follow no-one around the library. That's a fact, not Hearsay. There was no need for me to be barred from the library or to wait until a hearing to present my version on what happened 3/18/2005.
6. TIME, PLACE, MANNER RESTRICTIONS.

## RELIEF SOUGHT

Since there is at least (2) non frivolous issue's to be litigated on appeal within the notice of appeal, the 455.00 filing fee should be waived.

## SERVICE

MAILED TO LOIS GRUGIN
21 EAST STATE STREET
COLUMBUS, OHIO 43215
THIS 25TH DAY OF SEPTEMBER, 2007
27 WD

*[signature: Wayne Doyle]*

---
WAYNE DOYLE