# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **WAYNE DOYLE,** | ) Case No. C-3-07-0003 |
| **Plaintiff,** | ) District Judge Thomas M. Rose |
| vs. | ) Chief Magistrate Judge Michael Merz |
| **CLARK COUNTY PUBLIC LIBRARY, et al.,** | ) **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON MOTION TO APPEAL IN FORMA PAUPERIS** |
| **Defendants.** | |

In response to Plaintiff's Motion for Leave to Appeal *In Forma Pauperis*, the Chief Magistrate Judge issued a Report and Recommendations on Motion to Appeal *In Forma Pauperis*, (hereafter, "Report and Recommendations"), recommending that Plaintiff's Motion be denied because his appeal is frivolous. The Chief Magistrate Judge reasoned that: (1) Plaintiff was not denied either substantive or procedural due process when he was barred from entering the Clark County Public Library for two years for sexually harassing a female patron; (2) Plaintiff never produced any evidence of race or religious discrimination; (3) Plaintiff's apparent reliance upon the Confrontation Clause of the U.S. Constitution to support his claim that he was wrongfully barred based upon hearsay evidence and without an opportunity to confront his accuser is misplaced because the Confrontation Clause applies only in criminal cases; (4) Plaintiff's four motions for temporary restraining order were ruled upon promptly and he was given an opportunity to file an amended complaint before his claims were dismissed for failure to state a claim for relief; and (5) Plaintiff's allegations that the Court has been unfair and not impartial is not supported by anything besides Plaintiff's conclusory assertions.

In his Objections, Plaintiff seemingly raises three points: (1) it was improper for the Chief Magistrate Judge to conclude that Plaintiff's appeal would be frivolous because the Chief

Magistrate Judge does not know what issues Plaintiff will raise on appeal (Plaintiff's Objections at 2); (2) the Chief Magistrate Judge never considered certain facts when he concluded that Plaintiff's appeal would be frivolous (id. at 3-4); and (3) Plaintiff had a protected liberty interest to have access to the Library, which was denied without due process when he was barred based upon hearsay evidence. (Id. at 5) He concludes by listing six issues that he intends to raise on appeal and insists that there are at least two non-frivolous issues to be litigated on appeal. (Id. at 6) None of these claimed errors have any merit, and they should be rejected.

It was patently clear to the Chief Magistrate Judge what the basis of Plaintiff's appeal would be: he believes that his two-year exclusion from the Library violated his constitutional due process rights because there allegedly was no evidence to support that exclusion. Plaintiff has made this allegation the cornerstone of his lawsuit since the day he commenced it. Thus, it was quite easy for the Chief Magistrate Judge to conclude, based upon his prior rulings, that such an appeal not only would lack merit, it would be frivolous based upon long-standing case law.

It was equally clear that the Chief Magistrate Judge considered all of the alleged facts of the case before concluding that Plaintiff's appeal would be frivolous. These same facts were reviewed thoroughly when he dismissed Plaintiff's Amended Complaint because, even if all of the facts that Plaintiff wanted the Court to consider are admitted to be true and accurate, those facts simply do not support a claim of a constitutional due process deprivation. This is the point that Plaintiff does not seem to understand. He believes erroneously that he will prevail if someone simply will listen to his story. Simply put, his story does not create a constitutional due process or discrimination claim. Hence, his lawsuit properly was dismissed, not matter how much he believes he has been wronged.

All that being said, Doyle never had a constitutional due process deprivation claim for reasons already made clear by both the Chief Magistrate Judge and this Court when Plaintiff's

2

claims were dismissed for failure to state a claim, and which need not be repeated here. Plaintiff also never alleged any admissible evidence to support his discrimination claims. Thus, the due process claim is refuted as a matter of well-established law, regardless of the facts that Plaintiff attempts to present, and his discrimination claim is factually baseless. The outcome in both instances will not change if the Sixth Circuit were to review Plaintiff's appeal, and it would most likely be a waste of the Sixth Circuit's time and resources to inform Plaintiff of that fact.

Finally, Defendants will not burden the Court with a detailed, point-by-point response to Plaintiff's reasons for appeal. Suffice it to say, each of these reasons were either refuted by the Chief Magistrate Judge or never were raised until this time.

## CONCLUSION

This Court should accept the Chief Magistrate Judge's Report and Recommendations in its entirety and deny Plaintiff's Motion to Appeal *In Forma Pauperis*.

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**


s/ Lois A. Gruhin
**LOIS A. GRUHIN (0012672)**
**GEORGE S. CRISCI (0006325)**
21 East State Street, Suite 1900
Columbus, Ohio 43215
(614) 224-4411
(614) 224-4433 Facsimile

*Attorneys for Defendants,*
*Clark County Public Library and*
*John McConagha*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served by regular mail on the 1st day of October, 2007 upon the following:

Wayne Doyle
202 Southern Avenue
Springfield, Ohio 45506

Plaintiff

s/ Lois A. Gruhin
**LOIS A. GRUHIN (0012672)**

*Attorney for Defendants,*
*Clark County Public Library and*
*John McConagha*
